# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLEAN ENERGY EXPERTS, *Plaintiff*, v. NICK BENHAMMOU and DANIEL YOMTOBIAN, *Defendant*. | CIVIL ACTION NO.: 23-1940 <br><br> MARCH 3, 2023 |

Plaintiff, Clean Energy Experts ("CEE"), by and through its attorneys, Gordon Rees Scully Mansukhani, hereby bring this action against Defendants, Nick Benhammou and Daniel Yomtobian, and allege on information and belief the following:

## PRELIMINARY STATEMENT

1. CEE brings this action to recover damages and other relief in connection with Defendants' repeated submission of fraudulent credit card chargeback requests for legitimate solar customer leads.

2. In 2019 and 2020, two companies controlled by Defendants—Group Solar USA and Solar Program—entered into contracts with CEE for the purchase of solar customer leads. Pursuant to the terms of the contracts, Benhammou and Yomtobian provided CEE with credit card information and CEE properly charged their credit cards for the leads that Defendants purchased. From 2019 until June of 2022, the business relationship proceeded smoothly and in compliance with the contracts.

3. In June of 2022, however, Benhammou and Yomtobian began to repeatedly submit false chargeback requests to their credit card company, American Express, for lead fees that CEE

had previously, and permissibly, charged to Defendants' credit cards. Defendants never provided Plaintiff with a reason for these chargeback requests or attempted to resolve any billing concerns with Plaintiff.

4. Plaintiff made repeated efforts to contest Defendants' fraudulent chargeback requests and recoup the lead fees it is owed but, to date, Plaintiff has largely been unsuccessful in securing payment for Defendants' unpaid lead fees.

5. At the time that this Complaint was filed, due to their repeated fraudulent chargebacks requests, Defendants owe Plaintiff nearly $250,000 in unpaid lead fees.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as this action involves more than $75,000.00 in controversy and is between citizens of different states. The Court has supplemental jurisdiction over any of Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue in proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the submission of fraudulent chargeback requests, occurred in this district.

## PARTIES

8. CEE is a limited liability company organized and existing under the laws of the State of California, with its principal place of business in Manhattan Beach, California.

9. Upon information and belief, Nick Benhammou ("Benhammou") is the founder of Group Solar USA and was a registered user of Group Solar and Solar Program's CEE accounts.

10. Upon information and belief, Benhammou is an individual residing at 666 West 232nd Street, Bronx, New York 10463.

11. Upon information and belief, Daniel Yomtobian ("Yomtobian") is the founder and owner of Solar Program.

12. Upon information and belief, Yomtobian is an individual residing in Great Neck, New York.

## FACTUAL ALLEGATIONS

13. CEE sells solar power related customer leads to businesses.

14. Upon information and belief, Group Solar USA is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York.

15. Upon information and belief, Solar Program has a principal place of business in New York, New York.

16. In or around August, 2019, Group Solar opened an account with CEE. (**Exhibit A**.)

17. In or around May, 2020, Solar Program opened an account with CEE. (**Exhibit B**.)

18. When Group Solar opened its account, it electronically signed a Lead Purchase Agreement ("Group Solar's Agreement") and agreed to CEE's Terms of Use. (**Exhibit C**.)

19. Similarly, when Solar Program opened its account, it electronically signed a Lead Purchase Agreement ("Solar Program's Agreement") and agreed to CEE's Terms of Use. (**Exhibit D**.)

20. Under the terms of both Agreements, CEE provided Defendants with leads pertaining to potential customer requests for solar products and/or services that Defendants offer. (**Exhibit C, Section 3; Exhibit D, Section 3**.)

21. In exchange for those leads, Defendants were required to pay CEE "the applicable

Lead Price . . . for each Lead submitted to [Defendants]." (**Exhibit C, Section 3**.) Both Group Solar and Solar Program's Agreements required that Defendants prepay for all leads. (**Exhibit C, Section 3; Exhibit D, Section 3**.)

22. For any leads that were not prepaid, CEE was allowed to invoice Defendants on a semi-monthly basis, requesting payment of any unpaid fees upon receipt of such invoices. (**Exhibit C, Section 3**; **Exhibit D, Section 3**.)

23. Also under the terms of Group Solar and Solar Program's Agreements, Defendants authorized CEE to bill their respective credit cards "for any and all charges and fees . . . related to the purchase of Leads." (**Exhibit C, Section 8; Exhibit D, Section 8**.)

24. Both Agreements further state: "Merchant [Defendants] agrees not to initiate a chargeback with respect to any Leads Fees with the credit card issuer unless Merchant has exhausted all attempts to resolve any disputes directly with the Company [CEE]. You further understand that initiating a chargeback does not extinguish your obligation to pay." (**Exhibit C, Section 8**; **Exhibit D, Section 8.**)

25. In or around June, 2022, Solar Program began to violate its Agreement with CEE.

26. Specifically, on or about June 28, 2022, Solar Program, either through Benhammou and/or Yomtobian or at the direction of Benhammou and/or Yomtobian, fraudulently requested $11,000 in chargebacks from its credit card company, American Express, for lead fees that CEE had permissibly charged to Solar Program.

27. The requested chargebacks were initially rejected by American Express because the charges were legitimate charges for goods and services that were provided pursuant to an ongoing contractual relationship and accepted by Solar Program.

28. Solar Program, again, either through Benhammou and/or Yomtobian or at the

4

direction of Benhammou and/or Yomtobian, then resubmitted the same chargeback requests, as well as several other new chargeback requests, amounting to a total of $65,600 in false chargebacks. This time, American Express approved the chargebacks.

29. Subsequently, Group Solar also began to violate its Agreement with CEE.

30. Specifically, Group Solar, either through Benhammou or at the direction of Benhammou, submitted numerous fraudulent chargeback requests to American Express for lead fees that CEE had permissibly charged to Group Solar.

31. Group Solar, again, either through Benhammou or at the direction of Benhammou, submitted a total of $193,288 in false chargebacks. American Express approved those chargebacks.

32. For the chargebacks that American Express approved, Plaintiff was never provided with any documents or information that support this decision.

33. Defendants also never provided Plaintiff with any reason for their filing of these chargeback requests.

34. Defendants further never attempted to resolve or discuss any billing concerns with Plaintiff.

35. On or about June 28, 2022, CEE reached out to Benhammou about the $11,000 in fraudulent chargebacks that Solar Program had submitted to American Express.

36. That same day, Benhammou responded to CEE, stating "I can't believe this[,] we have some issues with one of our partners that have access to banking which I'm assuming the charge back are [Solar Program]. Don't worry, I'll take care of this payment. Please move all leads moving forward to [Group Solar] and not limit in amount of leads. I'll get back to you asap regarding this matter and I'll take care of this payment[.] You guys deliver the leads so it shouldn't

5

be any charges back anyway."

37. On or about June 29, 2022, CEE reached out to Benhammou about an additional $54,325 in chargebacks that Solar Program had filed.

38. Benhammou responded, "Lol[.] This I can['t] do anything[.] We have to dispute it[.] He will lose no matter what."

39. Benhammou further stated, "We are 100% with you and those leads will be paid in full by [Solar Program] this is inadmissible what [he is] doing."

40. On or about July 1, 2022, Solar Program paid a total of $11,275 toward the false chargebacks.

41. Benhammou also told CEE that the person responsible for the Solar Program chargebacks was Yomtobian.

42. On or about July 22, 2022, CEE contacted Benhammou to let him know that the chargeback decisions from American Express had started to come back and that CEE had lost its disputes on thirteen of the sixty-four requests.

43. Benhammou replied, "Ok I'm on it no worries[.]"

44. Several weeks later, however, Benhammou changed his tune, stating, for the first time, that Solar Program and Group Solar planned to dispute more charges because CEE had sent Defendants "fake reports and over charge[d] [Defendants] for leads for years."

45. Benhammou further stated that Defendants were working with their legal team and that "there's no possible solutions beside[s] [CEE] refunding [Defendants] since [CEE] screwed [Defendants]."

46. Finally, in or around October, 2022, Benhammou stated that Defendants "stopped disputing the charges for September and more will come by the end of the week if [CEE does not]

offer a solution for all the times [CEE] screwed [Defendants]."

47. During Plaintiff's investigation into Defendants' fraudulent chargeback requests, CEE paused Group Solar and Solar Program's CEE accounts, thereby preventing either company from continuing to purchase leads.

48. After Group Solar's account was paused, however, a company named America Green Roof Energy, which shares an address and employee with Group Solar, signed up for a CEE account and began purchasing leads.

49. Once CEE realized that America Green Roof Energy appeared to be affiliated with Group Solar, it paused America Green Roof Energy's account.

50. Shortly thereafter, a company named Home Performance Systems, which is owned by the Daniel Yomtobian Corporation, also signed up for a CEE account.

51. Again, once CEE realized that Home Performance Systems was affiliated with Yomtobian, it paused Home Performance Systems' account.

52. On or about November 1, 2022, Plaintiff sent a demand letter via e-mail and FedEx to Defendants, requesting that Defendants cease filing fraudulent chargebacks and that Defendants pay the remaining amounts that they owe to Plaintiff.  (**Exhibit E**.)

53. To date, Defendants have not responded to Plaintiff's demand letter.

54. Further, to date, Solar Program, Group Solar, Benhammou, and Yomtobian have refused to make any additional payments toward the total amounts they owes Plaintiff for the false chargebacks.

55. Group Solar currently owes Plaintiff $193,288 in unpaid lead fees.  (**Exhibit F**.)

56. Solar Program currently owes Plaintiff $54,325 in unpaid lead fees.  (**Exhibit G**.)

57. On December 12, 2022, Plaintiff filed a Demand for Arbitration as to Group Solar

and Solar Program, asserting breach of contract, misrepresentation, conversion, fraud, and negligent supervision claims against both companies.

58. Plaintiff's Demand for Arbitration is currently pending before JAMS.

### COUNT I – CONVERSION/CIVIL THEFT AS TO BENHAMMOU

59. Plaintiff repeats and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

60. Benhammou has repeatedly initiated fraudulent chargeback requests for funds that he initially paid CEE for solar leads.

61. Benhammou has repeatedly failed to pay CEE for the outstanding balance of those fraudulent chargeback requests.

62. Plaintiff has repeatedly been deprived of the lead fees to which it are is for selling solar leads to Benhammou.

63. The lead fees that Benhammou owes Plaintiff are Plaintiff's personal property.

64. Benhammou's failure to pay Plaintiff for the outstanding balance of the fraudulent chargeback requests has resulted in the disposition of Plaintiff's property in a manner that is inconsistent with its property rights.

65. Plaintiff has suffered, and continues to suffer, damages as a result of Benhammou's conversion and civil theft of Plaintiff's property.

**WHEREFORE**, Plaintiff requests judgment in its favor with respect to Count I: Conversion/Civil Theft, against Benhammou; an award of compensatory damages, together with interest, reasonable attorney's fees, and costs incurred herein; and such other relief as this Court deems just and proper.

## COUNT II – CONVERSION/CIVIL THEFT AS TO YOMTOBIAN

66. Plaintiff repeats and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

67. Yomtobian has repeatedly initiated fraudulent chargeback requests for funds that he initially paid CEE for solar leads.

68. Yomtobian has repeatedly failed to pay CEE for the outstanding balance of those fraudulent chargeback requests.

69. Plaintiff has repeatedly been deprived of the lead fees to which it is entitled for selling solar leads to Yomtobian.

70. The lead fees that Yomtobian owes Plaintiff are its personal property.

71. Yomtobian's failure to pay Plaintiff for the outstanding balance of the fraudulent chargeback requests has resulted in the disposition of Plaintiff's property in a manner that is inconsistent with Plaintiff's property rights.

72. Plaintiff has suffered, and continues to suffer, damages as a result of Yomtobian's conversion and civil theft of Plaintiff's property.

**WHEREFORE**, Plaintiff requests judgment in its favor with respect to Count II: Conversion/Civil Theft, against Yomtobian; an award of compensatory damages, together with interest, reasonable attorney's fees, and costs incurred herein; and such other relief as this Court deems just and proper.

## COUNT III – FRAUD AS TO BENHAMMOU

73. Plaintiff repeats and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

74. Benhammou agreed to pay for the solar leads that CEE provided him.

9

75. Despite that representation, Benhammou repeatedly initiated fraudulent chargeback requests for funds that he initially paid CEE for solar leads.

76. Benhammou also repeatedly failed to pay CEE for the outstanding balance of those fraudulent chargeback requests.

77. Benhammou misrepresented that he would pay for the solar leads that CEE sold him.

78. Benhammou knew that said misrepresentation was false.

79. Benhammou made said misrepresentation with the intent to induce CEE into providing Defendants with solar leads.

80. CEE justifiably relied on Benhammou's promise to pay for solar leads when CEE provided said leads to Benhammou.

81. Plaintiff has suffered, and continues to suffer, damages as a result of Benhammou's fraud.

**WHEREFORE**, Plaintiff requests judgment in its favor with respect to Count III: Fraud, against Benhammou; an award of compensatory damages, together with interest, reasonable attorney's fees, and costs incurred herein; and such other relief as this Court deems just and proper.

### COUNT IV – FRAUD AS TO YOMTOBIAN

82. Plaintiff repeats and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

83. Yomtobian agreed to pay for the solar leads that CEE provided to them.

84. Despite that representation, Yomtobian repeatedly initiated fraudulent chargeback requests for funds that he initially paid to CEE for solar leads.

85. Yomtobian also repeatedly failed to pay CEE for the outstanding balance of those

10

fraudulent chargeback requests.

86. Yomtobian misrepresented that he would pay for the solar leads that CEE sold him.

87. Yomtobian knew that said misrepresentation was false.

88. Yomtobian made said misrepresentation with the intent to induce CEE into providing Defendants with solar leads.

89. CEE justifiably relied on Yomtobian's promise to pay for solar leads when CEE provided said leads to Yomtobian.

90. Plaintiff has suffered, and continues to suffer, damages as a result of Yomtobian's fraud.

**WHEREFORE**, Plaintiff requests judgment in its favor with respect to Count IV: Fraud, against Yomtobian; an award of compensatory damages, together with interest, reasonable attorney's fees, and costs incurred herein; and such other relief as this Court deems just and proper.

## **COUNT V – INTENTIONAL MISREPRESENTATION AS TO BENHAMMOU**

91. Plaintiff repeats and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

92. Benhammou agreed to pay for the solar leads that CEE provided him.

93. Despite that representation, Benhammou repeatedly initiated fraudulent chargeback requests for funds that he initially paid CEE for solar leads.

94. Benhammou have also repeatedly failed to pay CEE for the outstanding balance of those fraudulent chargeback requests.

95. Thus, Benhammou misrepresented that he would pay for the solar leads that CEE sold him.

96. Benhammou knew that said misrepresentation was false.

97. Benhammou made said misrepresentation with the intent to induce CEE into providing Defendants with solar leads.

98. CEE actually and justifiably relied on Benhammou's promise to pay for solar leads.

99. Plaintiff has suffered, and continues to suffer, damages as a result of Benhammou's intentional misrepresentation.

**WHEREFORE**, Plaintiff requests judgment in its favor with respect to Count V: Intentional Misrepresentation, against Benhammou; an award of compensatory damages, together with interest, reasonable attorney's fees, and costs incurred herein; and such other relief as this Court deems just and proper.

### COUNT VI – INTENTIONAL MISREPRESENTATION AS TO YOMTOBIAN

100. Plaintiff repeats and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

101. Yomtobian agreed to pay for the solar leads that CEE provided him.

102. Despite that representation, Yomtobian repeatedly initiated fraudulent chargeback requests for funds that he initially paid CEE for solar leads.

103. Yomtobian also repeatedly failed to pay CEE for the outstanding balance of those fraudulent chargeback requests.

104. Yomtobian misrepresented that he would pay for the solar leads that CEE sold him.

105. Yomtobian knew that said misrepresentation was false.

106. Yomtobian made said misrepresentation with the intent to induce CEE into providing Defendants with solar leads.

107. CEE actually and justifiably relied on Yomtobian's promise to pay for solar leads.

108. Plaintiff has suffered, and continues to suffer, damages as a result of Yomtobian's

intentional misrepresentation.

**WHEREFORE**, Plaintiff requests judgment in its favor with respect to Count VI: Intentional Misrepresentation, against Yomtobian; an award of compensatory damages, together with interest, reasonable attorney's fees, and costs incurred herein; and such other relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in its favor and against the Defendants for the following relief:

A. An award of damages to Plaintiff and against the Defendants, in an amount to be determined at trial, to compensate them for all monetary and/or economic damages;

B. Pre and post-judgment interest on all amount due;

C. An award of Plaintiff's reasonable attorneys' fees and costs; and

D. Such other and further relief as the Court deems just and proper.

Dated: March 3, 2023
New York, New York

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI**

*/s/ Brendan T. Mahoney*
Brendan T. Mahoney
Bar No. MA9862
One Battery Park Plaza, 28th Floor
New York, NY 10004
Phone: (860) 494-7489
bmahoney@grsm.com
***Attorneys for Plaintiff Clean Energy Experts***

## **CERTIFICATION**

I hereby certify that on this 3rd day of March, 2023, a copy of the foregoing Notice of Appearance was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filings. Parties may access this filing through the Court's CM/ECF System.

*/s/ Brendan T. Mahoney*
Brendan T. Mahoney