

**YIFAT V. SCHNUR**
YVLS ESQ. LLC

22 Prescott Street, Edison, NJ 08817
26 Broadway, 19th Flr., New York, NY  10004
Email: yifat@yvlslaw.com
T: 347.268.5347

June 8, 2023

**VIA ECF**
Honorable Ronnie Abrams
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom No. 1506                  **LETTER REQUESTING STAY**
New York, New York 10007                             **OF DISCOVERY PENDING**
                                                     **MOTION TO DISMISS**

**RE:**   *Clean Energy Experts v. Nick Benhammou and Daniel Yomtobian*
          Case No. 1:23-cv-01940-RA

Dear Honorable Judge Abrams:

This office has been retained as counsel to Defendant Nick Benhamou in the above referenced matter and respectfully submits this letter-motion to extend the time to respond to the complaint.

Mr. Benhamou intends to bring a motion to dismiss Plaintiffs' complaint pursuant to Fed.R.Civ.P. §12(b)(6) and for a discretionary stay of discovery under Fed.R.Civ.P. §26(c). The undersigned also intends to issue a safe harbor letter to counsel for Plaintiffs under FRCP Rule 11 in the coming days.

**Contemplated Motion to Dismiss**

Plaintiff's causes of action stem from the alleged breach by Benhamou of Solar Program's agreement with Plaintiff ("Solar Program Agreement.")  That agreement contained an arbitration clause whereby the parties agreed to submit their disputes to JAMS. Thus, to the extent the complaint alleges (in form or substance) claims against Solar Program, those claims must be arbitrated.

Plaintiff also asserts three causes of action against Benhamou: (1) Conversion; (2) Fraud; and (3) Intentional Misrepresentation.  The facts allegedly supporting these causes of action constitute a breach of contract claim. Benhamou is not a signatory to the Solar Program Agreement, and thus cannot be personally liable for the breach.



Even if Benhamou was a signatory to the Solar Program's Agreement, it is a well-settled New York law that conversion may not lie for simple nonperformance under an alleged agreement. *Kubin v. Miller*, 801 F. Supp. 1101, 1118 (S.D.N.Y. 1992) citing *Matzan v. Eastman Kodak Company,* 134 A.D.2d 863 (4th Dept, 1987).

Plaintiff's fraud and misrepresentation claims are likewise duplicative of the unasserted breach of contract claims (See *Khodeir v. Sayyed*, 323 F.R.D. 193 (S.D.N.Y. 2017); S*oroof Trading Dev. Co. v. GE Microgen Inc.,* 10 Civ. 01391 (LGS) (S.D.N.Y. Oct. 30, 2013).

Furthermore, there is no allegation sufficient to pierce the corporate veil and hold Benhamou personally liable. Benhamou is thus an improper party.

Plaintiffs' frivolous attempt to assign personal liability where none exists will be addressed in the undersigned's forthcoming letter pursuant to Rule 11.

### Contemplated Motion for Stay of Discovery

On a motion to stay discovery courts in this district consider "(1) the strength of the motion; (2) the risk that a delay will prejudice the party seeking discovery; and (3) the breadth of, and the burden of responding to, the discovery requests." *Steadfast Ins. Co. v. Portsmouth JV*, 20-CV-8615 (RA), at *1 (S.D.N.Y. Feb. 16, 2021)

There is no dispute that Benhamou did not sign any contracts with the Plaintiff. (Copies of contract are attached as exhibits to Plaintiff's complaint). Plaintiff will not be prejudiced by a stay. Benhamou, however, will likely have to respond to voluminous requests, given the allegations of fraud in the complaint.

### Rule 11 Demand Letter

The undersigned has advised Plaintiff's counsel of Defendant Benhamou's intention to present a demand to withdraw the complaint pursuant to Federal Rule of Procedure 11.

### Extension Requested

The original due date to answer the complaint was April 5, 2023 (21 days from summons issued March 21, 2023.  The parties agreed to an extension of time for Defendant to respond until July 31, 2023. The parties notified the Court by joint letter dated May 25, 2023 (Dkt. No. 15), that Defendant Benhamou will seek a motion to dismiss and a stay of discovery pending the motion to dismiss.

Defendant Benhamou has not previously requested an adjournment or extension. Opposing counsel consents to the filing of a Motion to Dismiss by July 31, 2023.

The extension would affect the proposed scheduled dates for discovery. Attached is a Proposed Revised Scheduling Order, accounting for the extension.



Thank you for your consideration of this request.

                                            Respectfully,

                                          _____

                                          Yifat V. Schnur, Esq.
*Attorney for Defendant Nick Benhamou*
22 Prescott St., Edison, NJ 08817
26 Broadway, 19th Flr., New York, NY 10004
yifat@yvlslaw.com
347.268.5347