UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
......................................................................X
CLEAN ENERGY EXPERTS,

        Plaintiff,                      Case No.: 1:23-cv-01940-RA

        v.

NICK BENHAMOU and DANIEL YOMTOBIAN,

        Defendants.

...................................................................... X


## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT NICK BENHAMOU'S MOTION TO DISMISS

                                                                Yifat V. Schnur Esquire, LLC

                                  By: _____
                                      Yifat Schnur
                                      26 Broadway, 19th Floor
                                      New York, NY 10004
                                      (347) 268-5347

                                      *Attorney for Defendant Nick Benhamou*

Dated: New York, New York
        August 17, 2023

<u>**PRELIMINARY STATEMENT**</u>

On March 9, 2023, Plaintiff Clean Energy Experts ("Plaintiff") filed suit against Defendants, Nick Benhamou ("Benhamou") and Daniel Yomtobian.[1] The complaint contains three causes of action against Benhamou; conversion (Count I), fraud (Count III), and intentional misrepresentation (Count V).

This memorandum of law is being filed in support Benhamou's motion to dismiss the complaint, on two separate bases. Firstly, pursuant to Fed.R.Civ.P. 12(b)(3) Benhamou seeks dismissal because of the existence of an arbitration agreement governing this action. In the alternative, Benhamou seeks dismissal under Fed.R.Civ.P. 12(b)(6) because no claim is stated as to him.

As will be explained below, Plaintiff is suing Benhamou because of contracts Plaintiff had with Group Solar USA and Solar Program. Benhamou was not a party to these contracts in his personal capacity. These contracts had provisions requiring any dispute be resolved via arbitration. Plaintiff does not dispute there is an obligation to arbitrate; in fact, the complaint acknowledges it demanded arbitration of Group Solar USA and Solar Program. However, Plaintiff seeks to sue Benhamou based on the same facts that are the subject of the arbitration. Because, as will be explained in Point I, where a contract contains an arbitration clause, a non-party to the contract, who is affiliated with a party, can enforce the arbitration clause, Plaintiff cannot sue Benhamou.

Were the Court to find the arbitration clause does not apply to claims against Benhamou, the Court should dismiss the complaint for failure to state a claim against him. This is because Plaintiff has a contract with Group Solar USA and Solar Program. As will be explained in Point II, a party cannot sue in tort for the non-performance of a contract.

---

[1] The Complaint is annexed as Exhibit A of the Declaration of Yifat Schnur being filed simultaneously herewith.

## STATEMENT OF FACTS

For an overview of the facts of this case, the Court is respectfully referred to the complaint. That Benhamou refers the Court to the complaint is not because all the facts stated therein are true. However, on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court must accept the factual allegations in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). As such, the complaint states the operative facts for resolving the motion *sub judice*.

## ARGUMENT

**I. THE CONTRACTS UPON WHICH PLAINTIFF SUES CONTAIN FORUM SELECTION CLAUSES, WHICH ARE ENFORCEABLE BY NON-PARTIES AFFILIATED WITH PARTIES TO THE CONTRACT**

The Contract between the parties contains a valid forum selection clause, whereby the parties agreed to resolve any dispute via arbitration. Specifically, the agreements both say,

> Arbitration. Any dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this agreement to arbitrate, shall be determined by arbitration in Los Angeles County, CA before one arbitrator. The arbitration shall be administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures and in accordance with the Expedited Procedures in those Rules. Judgment on the Award may be entered in any court having jurisdiction. This clause shall not preclude parties from seeking provisional remedies in aid of arbitration from a court of appropriate jurisdiction.

*Complaint, Exhibits C, D*, § 10.

It is well-established forum selection clauses are *prima facie* valid and are not to be set aside except in instances of fraud, overreaching, or where enforcement of the clause would be so unreasonable and unjust as to make trial in the selected forum so gravely difficult and inconvenient that the Plaintiff, for all practical purposes, would be deprived of his or her day in Court. *M/S Bremen v. Zapata Off-Shore Company*, 407 U.S. 1 (1972), *See also, Roby v. Corporation of Lloyd's*, 996 F.2d 1353, 1362-63 (2d Cir. 1993).

Plaintiff acknowledges that the dispute at issue in this action is the subject of a binding arbitration agreement. Thus, the complaint indicates "Plaintiff's Demand for Arbitration is currently pending before JAMS." *Complaint*, ¶ 58. Plaintiff seems to be taking the position that the arbitration provision only applies to Group Solar USA and Solar Program, the entities that entered into the agreements, but not Benhamou, who is being sued because of his relationship to those entities. However, as will be explained below, this position is meritless.

A non-signatory to a contract "may enforce the forum selection clause against a signatory when the non-signatory is 'closely related' to another signatory" such that "the non-signatory's enforcement of the forum selection clause is 'foreseeable' to the signatory against whom the non-signatory wishes to enforce the forum selection clause." *Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 723 (2d Cir. 2013) (citation omitted). *See also*, *Horvath v. Banco Comercial Portugues*, S.A., 461 F. App'x 61, 63 (2d Cir. 2012); *Aguas Lenders Recovery Grp., LLC v. Suez, S.A.*, 585 F.3d 696, 701 (2d Cir.2009); B*MW of N. Am. LLC v. M/V Courage*, 254 F. Supp. 3d 591, 598 (S.D.N.Y. 2017). A purpose of enforcing forum selection clauses is to "further[] vital interests of the justice system," including judicial economy and efficiency. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (Kennedy, J., concurring). Judicial economy would not be preserved by only applying the arbitration clause to actual parties to the contract and thus requiring that a dispute arising out of a contract be adjudicated in multiple forums.

Of note, the arbitration clause states "[a]ny dispute, claim or controversy arising out of or relating to this Agreement … shall be determined by arbitration" without stating the dispute must be between the parties. Regardless of whether Benhamou is a party to the contract, this action is still a "dispute, claim or controversy arising out of or relating to this Agreement." Plaintiff drafted

the contracts. Any ambiguities in standard form contracts are to be construed against the drafter. *Victoria v. Superior Court*, 40 Cal.3d 734, 745 (1985),[2] *accord*, *Jacobson v. Sassower*, 66 N.Y.2d 991, 993 (1985). If Plaintiff wanted the agreements to only cover disputes between the parties, Plaintiff could have drafted an agreement that said so.

Separately, it is irrelevant to the enforceability of the arbitration clause that Plaintiff's third cause of action is for fraud. This is because Bremen's fraud exception to enforcement of a forum selection clause only applies if inclusion of the clause itself was the product of fraud or coercion. *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n. 14, 94 S.Ct. 2449, 2457 n. 14, 41 L.Ed.2d 270 (1974). Plaintiff does not allege that there was fraud regarding the forum selection clause nor could Plaintiff do so, since Plaintiff drafted the agreements that are the basis of the claim.

In light of the above, the Complaint must be dismissed under Fed.R.Civ.P. 12(b)(6).

## II. IF THE COURT DOES NOT DISMISS BASED ON THE ARBITRATION CLAUSE IT SHOULD DISMISS FOR FAILURE TO STATE A CLAIM

Were the Court not to dismiss because of the arbitration clause, then the Complaint should be dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim.

### (a) Plaintiff Does Not State a Claim for Conversion by Alleging Non-Performance of a Contract

Plaintiff's claim for conversion is based on the assertion that,

> 60. Benhamou has repeatedly initiated fraudulent chargeback requests for funds that he initially paid CEE for solar leads.
> 61. Benhamou has repeatedly failed to pay CEE for the outstanding balance of those fraudulent chargeback requests.
> 62. Plaintiff has repeatedly been deprived of the lead fees to which it are is for selling solar leads to Benhamou.
> 63. The lead fees that Benhamou owes Plaintiff are Plaintiff's personal property.
> 64. Benhamou's failure to pay Plaintiff for the outstanding balance of the fraudulent chargeback requests has resulted in the disposition of Plaintiff's property in a manner that is inconsistent with its property rights.

---

[2] The contracts contain a California choice of law provision, so Benhammou cites to California law on this point.

*Complaint*, ¶ 60-64.

There is no basis for this claim because conversion may not lie for simple nonperformance under an alleged agreement. *Kubin v. Miller*, 801 F. Supp. 1101, 1118 (S.D.N.Y. 1992), *citing*, *Matzan v. Eastman Kodak Company*, 134 A.D.2d 863 (4th Dept. 1987). To maintain a conversion claim, a plaintiff must set forth additional allegations of wrongdoing. *Id*. Plaintiff does not allege any additional wrongdoing beyond that Plaintiff did not get paid what it claims it is entitled to under its contracts. *Complaint*, ¶ 60-64. The fact that a party to a contract does not get what it claims it is owed under the contract is not an additional wrongdoing to create a tort action. *Burlew v American Mut. Ins. Co.*, 99 A.D.2d 11, 16, *affd*, 63 N.Y.2d 412 (1984).

**(b) Plaintiff Does Not State a Claim for Fraud or Misrepresentation by Alleging a Failure to Pay What Was Promised Under a Contract**

Plaintiff's causes of action for fraud and misrepresentation are based on the claim that Benhamou did not pay what was promised under the contracts. *Complaint*, ¶¶ 83-89, 92-98. These claims also fail because of the contracts between Plaintiff and Group Solar USA and Solar Program. A breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated. *Khodeir v. Sayyed*, 323 F.R.D. 193, 202 (S.D.N.Y. 2017), *citing*, *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 389, 521 N.Y.S.2d 653, 516 N.E.2d 190 (1987). Plaintiff is claiming not to have been paid what it is owed under the contracts. However, not getting paid what one is owed under a contract is plainly not a duty independent of a contract. As such, no claim is stated for fraud. *PetEdge, Inc. v. Garg*, 234 F.Supp.3d 477, 92 (S.D.N.Y. 2017); *Lam v. American Express Co.*, 265 F.Supp.2d 225, 230 (S.D.N.Y. 2003). Therefore, dismissal as to Benhamou is warranted.

**CONCLUSION**

For the reasons stated above, it is respectfully requested that the Court enter an order pursuant to Fed.R.Civ.P. 12(b)(3) dismissing the complaint as to Benhamou because of the existence of an arbitration agreement, in the alternative, dismissing the complaint as to Benhamou under Fed.R.Civ.P. 12(b)(6) because no claim is stated as to him, and for such other relief as this Court deems just and proper.

                                                Yifat V. Schnur Esquire, LLC

By: _____
     Yifat Schnur
     26 Broadway, 19th floor
     New York, NY 10004
     (347) 268-5347

*Attorney for Defendant Nick Benhamou*

Dated: New York, New York
       August 17, 2023