

**YIFAT V. SCHNUR**
YVLS ESQ. LLC

22 Prescott Street, Edison, NJ 08817
26 Broadway, 19th Flr., New York, NY  10004
Email: yifat@yvlslaw.com
T: 347.268.5347

August 23, 2023

<u>VIA ECF</u>
Honorable Ronnie Abrams
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom No. 1506
New York, New York 10007

**LETTER REQUESTING STAY OF DISCOVERY PENDING MOTION TO DISMISS**

RE:   *Clean Energy Experts v. Nick Benhamou and Daniel Yomtobian*
        Case No. 1:23-cv-01940-RA

Dear Honorable Judge Abrams:

As you know, this office represents Defendant Nick Benhamou in the above referenced matter and respectfully submits this second letter-motion to respectfully request a discretionary stay of discovery under Fed.R.Civ.P. §26(c) pending the outcome of the motion to dismiss filed by Defendant Benhamou on August 21, 2023. Docket at 26, 27, 28.

Previously on June 13, 2023 Defendant Benahmou filed a First letter motion requesting a stay of discovery. Docket at 19.

**Motion to Dismiss**

As stated in the opening paragraph, Mr. Benhamou filed a motion to dismiss Plaintiffs' complaint pursuant to Fed.R.Civ.P. §12(b)(6) on August 21, 2023. The basis for this motion was twofold. In sum and substance, Plaintiff's causes of action stem from the alleged breach by Benhamou of Solar Program's agreement with Plaintiff ("Solar Program Agreement.")  That agreement contained an arbitration clause whereby the parties agreed to submit their disputes to JAMS. Thus, to the extent the complaint alleges (in form or substance) claims against Solar Program, those claims must be arbitrated.

Plaintiff also asserts three causes of action against Benhamou: (1) Conversion; (2) Fraud; and (3) Intentional Misrepresentation.  The facts allegedly supporting these causes of action constitute a breach of contract claim. Benhamou is not a signatory to the Solar Program Agreement, and thus cannot be personally liable for the breach.



Even if Benhamou was a signatory to the Solar Program's Agreement, it is a well-settled New York law that conversion may not lie for simple nonperformance under an alleged agreement. *Kubin v. Miller*, 801 F. Supp. 1101, 1118 (S.D.N.Y. 1992) citing *Matzan v. Eastman Kodak Company,* 134 A.D.2d 863 (4th Dept, 1987).

Plaintiff's fraud and misrepresentation claims are likewise duplicative of the unasserted breach of contract claims (See *Khodeir v. Sayyed*, 323 F.R.D. 193 (S.D.N.Y. 2017); S*oroof Trading Dev. Co. v. GE Microgen Inc.,* 10 Civ. 01391 (LGS) (S.D.N.Y. Oct. 30, 2013). Furthermore, there is no allegation sufficient to pierce the corporate veil and hold Benhamou personally liable. Benahamou is thus an improper party.

**Stay of Discovery**

On a motion to stay discovery courts in this district consider "(1) the strength of the motion; (2) the risk that a delay will prejudice the party seeking discovery; and (3) the breadth of, and the burden of responding to, the discovery requests." *Steadfast Ins. Co. v. Portsmouth JV*, 20-CV-8615 (RA), at *1 (S.D.N.Y. Feb. 16, 2021)

There is no dispute that Benhamou did not sign any contracts with the Plaintiff. (Copies of contract are attached as exhibits to Plaintiff's complaint). Plaintiff will not be prejudiced by a stay. Benhamou, however, will likely have to respond to voluminous requests, given the allegations of fraud in the complaint.

While the filing of a motion to dismiss is not automatic grounds to stay discovery. Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013). The district court has "considerable discretion" to stay discovery upon a showing of good cause and a pending motion to dismiss may, under some circumstances, constitute good cause. Id. When deciding if good cause has been shown, courts consider: (1) whether the defendant has made a strong showing that plaintiff's claims are unmeritorious; (2) the breadth of discovery and burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. Morien v. Munich Reinsurance Am., Inc., 270 F.R.D. 65, 67 (D. Conn. 2010). The "strong showing that plaintiff's claim is unmeritorious" standard can also be described as a showing of "substantial arguments for dismissal." See Hong Leong Fin. Ltd., 297 F.R.D. at 72-73.

When deciding whether to stay discovery, courts may also consider the nature and complexity of the action, whether some or all defendants have moved to stay, the type of motion, and the posture of the litigation. Josie-Delerme v. Am. Gen. Fin. Corp., No. CV 2008-3166, 2009 WL 497609, at *1 (E.D.N.Y. Feb. 26, 2009).

In Thomas v. New York City Department of Education, No. 09-CV-5167, 2010 WL 3709923, at *4 (E.D.N.Y. Sept. 14, 2010), the court granted the motion to stay discovery in part because plaintiffs' discovery requests were "wide-ranging," "extremely broad," and bore "little relevance to the claims." In the case sub-judice Plaintiff's propose a wide range of discovery of all the finances of Defendant Benhamou all while Defendant Benhamou asserts he is not even a proper



party to the litigation. This type of discovery will be invasive, extremely burdensome and unfair to Benhamou who again is not a proper party to this action.

Finally, Plaintiff's will not in any way be unduly prejudiced by a stay – since the documents are not in danger of being destroyed and thus there is no spoilation issue. Defendant Benhamou will be however worse off because he will have to spend his time and attorneys' fees reviewing voluminous and tedious financial documents and responding to discovery requested.

At this time, Defendant again respectfully requests discovery be stayed pending the outcome of the motion to dismiss.

Thank you for your consideration of this request.

        Respectfully,
        YVLS ESQ. LLC

**By:** _____
        Yifat V. Schnur, Esq.

22 Prescott Street, Edison, NJ 08817
26 Broadway, 19th Flr., NY, NY 10004
(347) 268-5347
Yifat@yvlslaw.com
Attorney for Defendant Nick Benhamou

3 | P a g e
Second Letter Motion Requesting Stay Pending Outcome of Discovery Request