

Alexander Shiryak, Esq.
Dustin Bowman, Esq.
Mark Anderson, Esq.
Navpreet K. Gill, Esq.
Alexander Kadochnikov, Esq.

Btzalel Hirschhorn, Esq. • Matthew J. Routh, Esq. • Nicholas Neocleous, Esq. • Kimberly Gernatt, Esq.

May 19, 2023

<u>Via ECF</u>
Honorable Ronnie Abrams
Southern District Court of New York
40 Foley Square, Courtroom 1506

**Re:** **Clean Energy Experts v. Nick Benhammou and Daniel Yomtobian**
*Case # 1:23-cv-01940-RA*
<u>Letter Motion To Stay Discovery</u>

Dear Honorable Judge Abrams,

I represent defendant Daniel Yomtobian ("Yomtobian")

Pursuant to Your Honor's August 16, 2023 Order, I am filing this letter asking Your Honor to stay discovery in the above-referenced matter.

**Upcoming Motion for Summary Judgment.**

On August 21, 2023, Yomtobian filed an answer to Plaintiff's Complaint. By August 31, 2023, Yomtobian intends to file a motion for summary judgment pursuant to FRCP 56.

Yomtobian is a shareholder in the entity doing business as Solar Program. Solar Program entered into an agreement with the Plaintiff around May of 2020. ("Solar Program's Agreement") Solar Program's Agreement contained an arbitration clause whereby the parties agreed to submit their disputes to JAMS.

On December 22, 2022, Plaintiff filed a demand for arbitration ("Demand") with JAMS, naming the individual defendants herein as well as Group Solar and Solar Program. The Demand alleged various causes of action including fraud, conversion, and misrepresentation regarding entities and individual defendants.

Because Solar Program's Agreement was not signed by Defendant Yomtobian in his individual capacity or otherwise guaranteed by Yomtobian, on January 4, 2023, I filed a special proceeding with the Supreme Court of the State of New York, County of Nassau bearing an index # 600187/2023, to permanently stay the arbitration against Yomtobian. ("Special Proceeding")

After serving the Special Proceeding upon Plaintiff's counsel, Plaintiff agreed to amend its Demand dismiss Yomtobian.



&#x20;                                                                               Alexander Shiryak, Esq.
&#x20;                                                                                 Dustin Bowman, Esq.
&#x20;                                                                                 Mark Anderson, Esq.
&#x20;                                                                              Navpreet K. Gill, Esq.
&#x20;                                                                         Alexander Kadochnikov, Esq.

Btzalel Hirschhorn, Esq. • Matthew J. Routh, Esq. • Nicholas Neocleous, Esq. • Kimberly Gernatt, Esq.

Subsequently Plaintiff filed this action.

What is really at issue in this case are the alleged breaches of contract by Group Solar and the Solar Program. (ECF #2, Exhibit C and D) Yet Plaintiff is trying to find nonexistent grounds for personal liability where none exist.

Plaintiff asserts three causes of action against Yomtobian: (1) Conversion; (2) Fraud; and (3) Intentional Misrepresentation. All the causes of action alleged in the Plaintiff's Complaint stem from the alleged breaches of Solar Program's Agreement. Yomtobian is not a signatory to the Solar Program's Agreement.

Even if Yomtobian was a signatory to the Solar Program's Agreement, it is a well-settled New York law that conversion may not lie for simple nonperformance under an alleged agreement. *Kubin v. Miller*, 801 F. Supp. 1101, 1118 (S.D.N.Y. 1992) *citing Matzan v. Eastman Kodak Company*, 134 A.D.2d 863 (4th Dept, 1987).

Plaintiff's fraud and misrepresentation claims are likewise duplicative of the unasserted breach of contract claims (See Khodeir v. Sayyed, 323 F.R.D. 193 (S.D.N.Y. 2017); Soroof Trading Dev. Co. v. GE Microgen Inc., 10 Civ. 01391 (LGS) (S.D.N.Y. Oct. 30, 2013)

*Motion for Stay of Discovery*

On a motion to stay discovery courts in this district consider "(1) the strength of the motion; (2) the risk that a delay will prejudice the party seeking discovery; and (3) the breadth of, and the burden of responding to, the discovery requests." *Steadfast Ins. Co. v. Portsmouth JV*, 20-CV-8615 (RA), at *1 (S.D.N.Y. Feb. 16, 2021)

In evaluating the strength of the motion Court in this District are likely to grant a stay where the complains "is facially without merit or where the plaintiff has been unable to cite relevant authority in response to a defendant's challenge." *Configure Partners LLC v. Raci Holdings LLC*, 22-CV-8631 (RA) (JW), at *2 (S.D.N.Y. Apr. 6, 2023)

In assessing the breadth of discovery and the burden of responding to it, courts consider whether "discovery would reach such wide-breadth that good cause for a stay exists. *Bennett v. Cuomo*, 22-CV-7846 (VSB), at *6 (S.D.N.Y. Feb. 15, 2023) The Court is more likely to grant discovery stay in instances where discovery is likely to be "broad an significant." *Spinelli v. Nat'l Football League*, 13 Civ. 7398 (RWS), at *7 (S.D.N.Y. Nov. 17, 2015)

In determining whether a risk of unfair prejudice to the party opposing the stay exists, the Court must bear in mind that if good cause has no otherwise been shown, "lack of prejudice does



Alexander Shiryak, Esq.
Dustin Bowman, Esq.
Mark Anderson, Esq.
Navpreet K. Gill, Esq.
Alexander Kadochnikov, Esq.

Btzalel Hirschhorn, Esq. • Matthew J. Routh, Esq. • Nicholas Neocleous, Esq. • Kimberly Gernatt, Esq.

not justify a stay." *Guiffre v. Maxwell*, 15 Civ. 7433 (RWS), at *7 (S.D.N.Y. Jan. 19, 2016) "[T]he passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." *O'Sullivan v. Deutsche Bank AG*, 17 Civ. 8709 (LTS) (GWG), at *18 (S.D.N.Y. Apr. 26, 2018)

There is no dispute that Yomtobian did not sign any contracts with the Plaintiff. (Copies of contract are attached as exhibits to Plaintiff's complaint). Plaintiff will not be prejudiced by a stay. The motion will be resolved largely on a legal arguments and documentary evidence. Virtually all the documentary evidence was attached to the complaint or is already part of the public record[1]. Yomtobian, however, will likely have to respond to voluminous requests, given that this matter has a fraud component to it.

Accordingly, Yomtobian respectfully requests a stay of discovery based on arguments above-written.

Sincerely,

_____
Alexander Kadochnikov, Esq.

---

[1] For example the copies of the contract, demand for arbitration and the special proceeding appurtenant thereto.