BRENDAN T. MAHONEY
BMAHONEY@GRSM.COM



95 GLASTONBURY BLVD, SUITE 206
GLASTONBURY, CT 06033
WWW.GRSM.COM

August 25, 2023

**VIA ECF**
Honorable Ronnie Abrams
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom No. 1506
New York, New York 10007

      **RE:**    **Clean Energy Experts v. Nick Benhammou and Daniel Yomtobian,**
             Case No. 1:23-cv-01940-RA *Plaintiff's Opposition to Defendants' Respective Letter Motions to Stay Discovery and Pursuant to August 17, 2023 Order*

Dear Honorable Judge Abrams,

      Please allow this correspondence to serve as Plaintiff's opposition to the Defendants' respective letter motions to stay discovery in this matter.  Defendants have finally filed their responses to Plaintiff's Complaint, and Plaintiff is now entitled to proceed with discovery in this matter.  Such discovery will in no way prejudice Defendants, and will further the timely and efficient resolution of this dispute.

1. *Plaintiff's Claims and Factual Background*

      Plaintiff Clean Energy Experts (CEE) brought this action on March 9, 2023, alleging causes of action against defendants for conversion, fraud, and misrepresentation.  *See*, ECF # 2, at p. 9, 10, and 12.  This action arises from repeated charge backs beginning in June, 2022 and made at Defendants' instigation against sales lead fees that CEE assessed.  *See*, ECF # 2, at ¶ 26-33.  These chargebacks have resulted in significant damages to Plaintiff.  *See*, ECF # 2, at 28, 31, 55, and 56.  Plaintiff's Complaint annexed documents containing factual evidence tending to confirm that there was no legitimate reason for these chargebacks.  *See*, ECF # 2, at ¶ 36.  Specifically, Defendant Benhammou stated that payment for the chargebacks would be taken care of, and that "[y]ou guys deliver the leads so it shouldn't be any charge back anyway" (sic).[1]  It is worth noting that Plaintiff originally sought arbitration against Defendants, but that such claim was dismissed as Defendants were not party to the arbitration agreement.  Defendant Benhammou seeks to turn such an outcome on its head, arguing that Plaintiff cannot proceed against

---

[1] These allegations are not the first such arising from the underlying course of business conduct interposed.  Indeed, Defendant Benhammou has sued Defendant Yomtobian in the Supreme Court of the State of New York, Bronx County, under index number 81395/2022E, alleging Breach of Fiduciary Duty, Conversion and Corporate Waste, Tortious Interference with Contract, and other relief, as a result of their business in the solar field.

Honorable Ronnie Abrams
United States District Court for the Southern District of New York
**Clean Energy Experts v. Nick Benhammou and Daniel Yomtobian,** Case No. 1:23-cv-01940-RA *Plaintiff's Opposition to Defendants' Respective Letter Motions to Stay Discovery and Pursuant to August 17, 2023 Order*
P. 2

2. *Defendants' Motions for Stay do not satisfy the standard for same*

    Defendant Benhammou's Motion to dismiss and Defendant Yomtobian's anticipated motion should not prevent Plaintiff from engaging in basic paper and document discovery, most of which is anticipated to occur via subpoena on non-party American Express.  A Motion to Dismiss does not automatically stay discovery.  *See*, *Brooks v. Macy's, Inc.*, 2010 WL 5297756 (S.D.N.Y. 2010), *citing In re WRT Energy Sec. Litig.*, 96 Civ. 3610(JFK), 96 Civ. 3611(JFK), 1996 WL 580930 at *1 (S.D.N.Y. Oct. 9, 1996).   In considering whether good cause is shown to stay discovery pending the Court's consideration of a dispositive motion, the court should weight the breadth of discovery sought, any resulting prejudice, and the strength of the motion.  See, *Brooks*, at *2.  As set forth below, Defendants have failed to show a strong basis for their pending or proposed dispositive motions, or that the discovery sought would be burdensome.  Any prejudice defendants would suffer in the form of counsel fees, which necessarily follow from any litigation, is outweighed by Plaintiff's potential prejudice in its attempts to prosecute its lawsuit in a timely manner.

3. *The breadth of discovery sought at this time is minimal, comprised of demands for written and document discovery to be served shortly*

    At this juncture, Plaintiff only seeks to engage in initial document and written discovery, the majority of which is anticipated to be directed at non-party American Express.  Deposition discovery is not contemplated to occur while Defendant Benhammou's Motion to Dismiss is pending.[2]  Even when Courts have found substantial grounds for a pending motion to dismiss, which is not present here, they have tended to allow such paper discovery.  See, Brooks, at *2-3 (granting defendants' motion to stay deposition discovery, and denying it on all other grounds, so to allow paper discovery).  Defendant Yomtobian argues in his motion for stay that "virtually all the documentary evidence is already part of the public record, having been annexed to the Complaint."  See, ECF 32 at 3 of 3.  This is simply not true.  Plaintiff anticipates a good deal of information will be learned from the subpoena of the American Express records concerning the charge backs at issue.  Moreover, written and document discovery requests to be served on the defendants will be limited by the Federal Rules and not unduly burdensome.  For these reasons, the proposed discovery will not prejudice defendants, also satisfying the third prong of the test before the court.

4. *Defendant Benhammou's Motion to Dismiss and Defendant Yomtobian's contemplated dispositive motion lack the requisite strength as they do not have substantial grounds, and therefore discovery must proceed*

    Defendant Benhammou's Motion to Dismiss does not have a strong likelihood of success, and Defendant Yomtobian is yet to file a dispositive motion, but such potential motion also stands

---

[2] It is impossible to know when Defendant Yomtobian will file his contemplated dispositive motion, and so we cannot estimate at what stage discovery will be if and when that motion is pending.

Honorable Ronnie Abrams
United States District Court for the Southern District of New York
**Clean Energy Experts v. Nick Benhammou and Daniel Yomtobian,** Case No. 1:23-cv-01940-RA *Plaintiff's Opposition to Defendants' Respective Letter Motions to Stay Discovery and Pursuant to August 17, 2023 Order*
P. 3

a low chance of success on the merits. In order to be granted, motion to stay must be supported by substantial grounds for dismissal. *See*, *Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69 at 72-73 (S.D.N.Y. 2013) (noting in the alternative formulation, that there must be a strong showing that Plaintiff's claim is unmeritorious for a motion to stay to be granted), *citing Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209 (S.D.N.Y. 1991).

Despite Defendant Benhammou's arguments, Plaintiff is not bringing the instant action for simple non-performance of a contract. It is bringing this action because it believes that Defendants committed the alleged intentional torts which necessarily occurred outside the parties' respective contractual bounds. To be sure, conversion does not lie for simple non-performance of a contract. It is permissible and common, however, to bring causes tort claims personally against parties who acted unlawfully under color of their corporate authority. Indeed, the existence of corporate entity liability limitation does not protect a party, from the consequences of individual unlawful actions, including those involving conversion, fraud, and intentional misrepresentation. *See, generally, Michaels v. Lispenard Holding Corp.*, 201 N.Y.S.2d 611 at 613-614 (App. Div. 1st Dep't 1960) ("Corporate officers or agents are personally liable for those torts they personally commit, or which they inspire or participate in, even performed through an artificial body."). It is impossible to gauge, at this juncture, what arguments Defendant Yomtobian will make in his contemplated dispositive motion. The allegations against Mr. Yomtobian, nevertheless, are the same as those against Mr. Benhammou. Plaintiff's claims against Mr. Yomtobian, therefore, are similarly situated. They too allege Mr. Yomtobian engaged in intentional tortious conduct, which occurred necessarily outside the bounds of the contract at issue in this case. Plaintiff is entitled to these lodge claims against both Defendants, and engage in discovery to prove these allegations.

In sum, Plaintiff's interest in beginning paper and document discovery outweighs defendants' interest in reducing counsel fees, especially against the poor prospects that Defendants' pending or proposed dispositive motions face. By the time discover proceeds toward party depositions, the pending or proposed dispositive motions should have been decided, and this issue will be moot.

We thank the Court and Your Honor for your attention and courtesies.

Sincerely,

Brendan T. Mahoney, Esq