UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CLEAN ENERGY EXPERTS,

                     Plaintiff,                          Docket # 1:23-CV-01940

   -against-

NICK BENHAMMOU and DANIEL YOMTOBIAN,


                     Defendants.

------------------------------------------------------------------------X

## DEFENDANT YOMTOBIAN'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT YOMTOBIAN'S MOTION FOR JUDGMENT ON THE PLEADINGS IN YOMTOBIAN'S FAVOR ON ALL OF PLAINTIFF'S CLAIMS AGAINST YOMTOBIAN.

# Contents

TABLE OF AUTHORITIES ................................................................................................ 3

PRELIMINARY STATEMENT/STATEMENT OF FACTS ...................................................... 4

STANDARD GOVERNING MOTION .................................................................................. 5

ARGUMENT ....................................................................................................................... 6

I.   This Court should grant judgment on the pleadings in Yomtobian's favor because Plaintiff is improperly attempting to convert a breach of contract claim into a tort claim to obtain personal liability of a corporate officer acting in furtherance of corporate objectives. .............................. 6

II.  This Court should grant judgment on the pleadings in Yomtobian's favor because the facts alleged do not support the allegation that Yomtobian made a misrepresentation, knew of said misrepresentation, intended to defraud CEE, or that damages flowed from any fraud. ................. 8

III. This Court should grant judgment on the pleadings in Yomtobian's favor on Plaintiff's fraud claim because Plaintiff is impermissibly attempting to dress up a breach of contract claim as a fraud claim. ..................................................................................................................... 11

IV.  Judgment on the Pleadings Should be Granted in Yomtobian's Favor on Plaintiff's Conversion Claim. ............................................................................................................. 14

   A. Judgment on the pleadings should be granted because Plaintiff is impermissibly attempting to dress up a breach of contract claim as a conversion claim to achieve personal liability for a corporation's contractual obligation. .............................................................. 14

V.   Judgment on the Pleadings should be Granted in Yomtobian's Favor on Plaintiff's Intentional Misrepresentation Claim because it is Duplicative of Plaintiff's Fraud Claim against Yomtobian. ........................................................................................................................ 15

CONCLUSION ................................................................................................................. 16

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009 ................................................................................. 4
*B & M Linen, Corp. v. Kannegiesser, USA, Corp.,* 679 F. Supp. 2d 474, 480 (S.D.N.Y. 2010) . 15
*Command Cinema Corp. v. VCA Labs, Inc.,* 464 F.Supp.2d 191, 199 (S.D.N.Y.2006) ........ 13, 14
*England Strohl/Denigris, Inc. v. Weiner*, 538 F. Supp. 612, 615 (S.D.N.Y. 1982) ................ 5, 6, 7
*Great Earth Int'l Franchising Corp. v. Milks Dev.,* 311 F. Supp. 2d 419, 430–31 (S.D.N.Y. 2004) ................................................................................................................................................ 9
*Liberty Mut. Ins. Co. v. Palace Car Servs. Corp.*, No. 06CV4881(FB)(CLP), at *2 (E.D.N.Y. Aug. 8, 2007) ............................................................................................................................. 5
*Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) .................................. 4
*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 13 F.4th 247, 259 (2d Cir. 2021) ...... 8
*Mohegan Lake Motors, Inc. v. Maoli,* No. 16-CV-06717 (NSR), at *2–3 (S.D.N.Y. Dec. 7, 2017) ................................................................................................................................... 4, 10, 11, 12
*Papa's-June Music, Inc. v. McLean,* 921 F. Supp. 1154, 1160–61 (S.D.N.Y. 1996) ....... 10, 11, 12
*Puma Indus. Consulting, Inc. v. Daal Assocs.,* Inc., 808 F.2d 982, 986 (2d Cir. 1987 ............. 6, 7
*Rolls-Royce Motor Cars, Inc. v. Schudroff*, 929 F. Supp. 117, 124 (S.D.N.Y. 1996) ............ 13, 14
*Silvercreek Mgmt., Inc. v. Citigroup, Inc.*, 248 F. Supp. 3d 428, 438 (S.D.N.Y. 2017) ................. 5

# PRELIMINARY STATEMENT/STATEMENT OF FACTS

The issue for this Court to decide is relatively straightforward:

Courts in the Second Circuit consistently held that a Plaintiff can only pierce the corporate veil when the corporation is used 'to defeat public convenience, justify wrong, protect fraud, or defend crime. Plaintiff asserted causes of action against the individual defendant stemming from the alleged breach of a valid agreement. Plaintiff's Complaint does not properly allege facts that show anything other than a breach of contract. Is this enough to pierce the corporate veil?

Defendant Daniel Yomtobian (hereinafter "Yomtobian") is the principal of Solar Program, a company in the business of installing solar panels in homes across New York City. Solar Program entered into a contract with Plaintiff - Clean Energy Experts (hereinafter "CEE") for the purchase of solar leads which would help generate business for Solar Program.

Per Plaintiff's own Complaint, Plaintiffs had a valid, enforceable contract with Solar Program which proceeded as expected for over two years: Plaintiff would provide Solar Program with solar leads and Solar Program paid for those leads, as the leads were used to generate business for Solar Program. Despite Plaintiff alleging there was a contract between the parties, even alleging the terms of said contract verbatim, the instant lawsuit does not assert claims for breach of contract. Rather, this lawsuit improperly attempts to convert a basic breach of contract claim into various tort claims – conversion, fraud, and misrepresentation – in order to hold Yomtobian liable in his individual capacity and circumvent the requirement that Plaintiffs allege and prove facts sufficient to pierce the corporate veil. Such an attempt to dress up a breach of contract claim as a tort, fraud or conversion, is impermissible on its face and cannot stand.

# STANDARD GOVERNING MOTION

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12. "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (citing *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) (cleaned up).

When evaluating a motion to dismiss pursuant to Federal Rule 12(b)(6), "the Court must accept all facts set forth in the Complaint as true and draw all reasonable inferences in Plaintiff's favor." *Mohegan Lake Motors, Inc. v. Maoli,* No. 16-CV-06717 (NSR), at *2–3 (S.D.N.Y. Dec. 7, 2017) (*citing See, e.g., Burch v. Pioneer Credit Recovery, Inc.,* 551 F.3d 122, 124 (2d Cir. 2008) (per curium). To survive a Rule 12(b)(6) motion, the plaintiff must allege facts sufficient "to state a claim to relief that is plausible on its face." *Id (citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id (citing Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citations omitted)). "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009) (*citing Twombly,* at 555, 127 S.Ct. 1955). "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Id (citing Twombly,* at 556, 127 S.Ct. 1955).

Federal Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9. "While knowledge and intent 'may be alleged generally,' under the pleading standard of Federal Rule of Civil Procedure 9(b), a court 'must not mistake the relaxation of Rule 9(b)'s specificity requirement regarding condition of mind for a license to base claims of fraud on speculation and conclusory allegations.'" *Silvercreek Mgmt., Inc. v. Citigroup, Inc.*, 248 F. Supp. 3d 428, 438 (S.D.N.Y. 2017) (citing *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006).

## ARGUMENT

**I. This Court should grant judgment on the pleadings in Yomtobian's favor because Plaintiff is improperly attempting to convert a breach of contract claim into a tort claim to obtain personal liability of a corporate officer acting in furtherance of corporate objectives.**

Under New York law, the distinction between corporate and personal liability is well-defined, with courts hesitating to hold individual officers accountable for corporate breaches unless there are substantial grounds to pierce the corporate veil.

To assert a breach of contract claim against an individual officer of a corporation, there must be sufficient facts alleged and proven to pierce the corporate veil. "The New York courts are very reluctant to disregard the corporate entity." *Liberty Mut. Ins. Co. v. Palace Car Servs. Corp.*, No. 06CV4881(FB)(CLP), at *2 (E.D.N.Y. Aug. 8, 2007) (citations omitted). "It is well settled that an officer of a corporation will not be held liable for corporate debts except in rare instances." *England Strohl/Denigris, Inc. v. Weiner*, 538 F. Supp. 612, 615 (S.D.N.Y. 1982),

6

aff'd, 740 F.2d 954 (2d Cir. 1984) (citing *See MacDougal v. Birdie Co., Inc.,* 20 A.D.2d 175, 176, (3d Dep't 1963).

Courts will only pierce the corporate veil "when the corporation is used 'to defeat public convenience, justify wrong, protect fraud, or defend crime.'" *Puma Indus. Consulting, Inc. v. Daal Assocs.,* Inc., 808 F.2d 982, 986 (2d Cir. 1987) (citing *In re Gibraltor Amusements, Ltd.*, 291 F.2d 22, 24–25 (2d Cir. 1961) (citations omitted). "It is also clear that to pierce the corporate veil, and thus incur the personal liability of its officers, the corporate form must be found to be nothing more than a mere shell dominated and controlled by the individuals to carry on their own personal business." *England Strohl/Denigris, Inc.*, 538 F. Supp. 612 at 615 (citing See *Astrocom Electronics v. Lafayette Radio*, 63 A.D.2d 765, 766 (3d Dep't 1978); *Guptill Holding Corp. v. State*, 33 A.D.2d 362, 365 (3d Dep't), aff'd, 31 N.Y.2d 897 (1970).

While the limitation of liability that results from incorporation "does not absolutely shield agents of the corporation from liability in fraud, . . . [a] fraudulent breach of contract is not the basis for a cause of action in fraud. Where the only claim of alleged fraud concerns a breach of contract and not inducement to enter the contract, an action for fraud is not properly alleged." *Id* (citing *Abrams v. Allen*, 297 N.Y. 52, 55-56 (1947); *Drydock Knitting Mills v. Queens Mach. Corp.*, 2 N.Y.S.2d 717, 718 (2d Dep't 1938); *Brick v. Cohn-Hall-Marx Co.*, 276 N.Y. 259, 263–64, (1937) ("Whether the defendant deliberately refused to make payment, thus breaching its contract, or whether through neglect it made false statements, or whether it deliberately made false statements, the action of the plaintiffs is founded and based upon the contract, without which they would have no claim at all").

Here, Plaintiffs did not plead a claim for breach of contract, despite the Complaint alleging the Lead Purchase Agreement, alleging material terms of the agreement verbatim, and

alleging that "In or around June, 2022, Solar Program began to violate its agreement with CEE." (ECF # 2, Compl. ¶¶ 19-25.) These allegations show that this action is based upon the contract, without which Plaintiff has no claim. *England Strohl/Denigris, Inc.,* 538 F. Supp. 612 at 615 (citing *Brick v. Cohn-Hall-Marx Co.*, 276 N.Y. 259, 263–64, (1937)).

The Lead Purchase Agreement in this action speaks for itself. It is a valid agreement between Solar Program and CEE. (ECF # 2, Exhibit D). Given that the Lead Purchase Agreement was agreed to on behalf of Solar Program and not in Yomtobian's individual capacity, Yomtobian cannot be held individually liable for the contractual obligations of Solar Program absent allegations sufficient to pierce the corporate veil. *England Strohl/Denigris, Inc.*, 538 F. Supp. 612 at 615; *Puma Indus. Consulting,* Inc., 808 F.2d 982 at 986. The Complaint contains no allegations sufficient to serve as sufficient grounds for piercing the corporate veil, and no allegations that Yomtobian used the corporate form as a shell to conduct his own business or cover a personal wrongdoing. (*See generally,* ECF #2).

Plaintiff is attempting to convert a breach of contract claim into a conversion or fraud claim. *Id.* For this reason, and further argued below, judgment on the pleadings should be granted in Yomtobian's favor because Plaintiff's claims do not allege causes of action that are plausible on their face.

> **II. This Court should grant judgment on the pleadings in Yomtobian's favor because the facts alleged do not support the allegation that Yomtobian made a misrepresentation, knew of said misrepresentation, intended to defraud CEE, or that damages flowed from any fraud.**

Plaintiff's fails to sufficiently plead a claim for because the facts alleged do not constitute a misrepresentation, do not show that Yomtobian knew his representation was false, do not

indicate an intent to defraud, and do not show that the alleged damages were caused by the misrepresentation.

Under New York law, the five elements of fraud are "(1) a material misrepresentation or omission of fact (2) made by [a] defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 13 F.4th 247, 259 (2d Cir. 2021) (citing *Crigger v. Fahnestock & Co.*, 443 F.3d 230, 234 (2d Cir. 2006); *Pasternack*, 27 N.Y.3d at 827, 37 N.Y.S.3d 750, 59 N.E.3d 485).

Here, Plaintiff alleges in conclusory fashion, that (1) "Yomtobian misrepresented he would pay for the solar leads that CEE sold him;" (2) "Yomtobian knew that said misrepresentation was false;" and (3) "Yomtobian made said misrepresentation with the intent to induce CEE into providing Defendants with solar leads." (ECF #2, ¶¶ 86-88.)

However, the facts pleaded demonstrate that Solar Program's promise to pay for the solar leads was not a misrepresentation. The complaint alleges that Solar Program did in fact pay for the leads CEE provided, for two years: "From 2019 until June of 2022, the business relationship proceeded smoothly and in compliance with the contracts." (ECF #2, ¶ 2)

The fact that Solar Program paid for solar leads provided by CEE conclusively refutes the allegation that Yomtobian knew the promise to pay for solar leads was false, because it was not false: the promise was kept for over two years. *Id.* Similarly, if Solar Program paid for leads for over two years, it cannot be said that the promise to pay for leads was made with the intent to defraud Plaintiff. Solar Program's performance under the agreement shows that the promise to pay was made with the intent to enter into a contract, a contract which proceeded as contemplated for quite some time. *Id.* Thus, despite Plaintiff's conclusory recital of the bare-

bones elements of fraud, the true facts pleaded show that the fraud claim is not plausible on its face.

Additionally, Plaintiff's claim for fraud is not sufficiently pleaded because the alleged injury did not flow directly and proximately from the alleged fraud, Solar Program's promise to pay for solar leads.

In *Great Earth Int'l Franchising Corp.*, the damages Plaintiff sought to recover were directly contemplated by the contract and were thus not recoverable under a fraud cause of action: "In order to sustain their claim, defendants must make an offer of proof demonstrating that the costs they seek to recover are unrecoverable as contract damages, and were *caused by plaintiff's misrepresentations that are said to have been fraudulent." Great Earth Int'l Franchising Corp. v. Milks Dev.,* 311 F. Supp. 2d 419, 430–31 (S.D.N.Y. 2004) (emphasis added). "The injury must not only exist, but it must also flow directly and proximately from the fraud, rather than from the breach of contract." *Id* (*citing Bridgestone/Firestone,* 98 F.3d at 19-20. (requiring "damage" as the final element of a fraud claim); *Lama Holding Co.,* 646 N.Y.S.2d 76, 668 N.E.2d at 1373 (requiring "injury").

Here, Plaintiff alleges that the fraudulent misrepresentation made here is that "Yomtobian misrepresented that he would pay for the solar leads that CEE sold him." However, the damages alleged are recoverable as contract damages, as the agreement directly contemplates the occurrence of chargebacks. (ECF #2, ¶24)

Additionally, given that Solar Program paid for solar leads for over two years, the damages alleged could not have been proximately caused by a fraudulent promise to pay. Thus, the element of damages resulting from the fraud is not sufficiently pleaded and Yomtobian

respectfully requests that judgment on the pleadings be granted in Yomtobian's favor on Plaintiff's cause of action for fraud.

> **III. This Court should grant judgment on the pleadings in Yomtobian's favor on Plaintiff's fraud claim because Plaintiff is impermissibly attempting to dress up a breach of contract claim as a fraud claim.**

"Most courts . . . have held that a contract claim cannot be converted into a fraud claim by the addition of an allegation that the promisor intended not to perform when he made the promise. *Papa's-June Music, Inc. v. McLean,* 921 F. Supp. 1154, 1160–61 (S.D.N.Y. 1996) (citing *E.g., Caniglia v. Chicago Tribune–New York News Syndicate, Inc.,* 204 A.D.2d 233, 234 (1st Dep't.1994); *Guterman v. RGA Accessories, Inc.,* 196 A.D.2d 785, 786 (1st Dep't.1993); *Gordon v. Dino De Laurentiis Corp.,* 141 A.D.2d 435, 436 (1st Dep't.1988); *Comtomark, Inc. v. Satellite Communications Network, Inc.,* 116 A.D.2d 499, 500 (1st Dep't.1986); *Spellman v. Columbia Manicure Mfg. Co.,* 111 A.D.2d 320, 323 (2d Dep't.1985); *L. Fatato, Inc. v. Decrescente Distrib. Co.,* 86 A.D.2d 600, 601 (2d Dep't.1982) (additional citations omitted))."

"New York law . . . requires that a fraud claim, raised in a case that stems from breach of contract, be 'sufficiently distinct from the breach of contract claim.'" *IMG Fragrance Brands, LLC* 679 F. Supp. 2d 395 at 408–09 (citing *Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc.,* 98 F.3d 13, 20 (2d Cir.1996); *see Ritchie Capital Mgmt., L.L.C. v. Coventry First LLC,* No. 07 Civ. 3494 at *7 (S.D.N.Y. July 17, 2007) (dismissing fraud claim where it appeared "to rest entirely on the subjects covered in the representations and warranties contained in the agreements") (additional citations omitted)). "'[N]o action for fraud [can] stand [ ] when the only fraud charged relates to breach of a contract.'" *Mohegan Lake Motors, Inc. v. Maoli,* No. 16-CV-06717 (NSR) at *5 (S.D.N.Y. Dec. 7, 2017)

"[G]eneral allegations that defendant entered into a contract while lacking the intent to perform it are insufficient to support [a fraud] claim." *Id (citing Wall v. CSX Transp. Inc.,* 471 F.3d 410, 416 (2d Cir. 2006); *see also Bridgestone/Firestone,* 98 F.3d at 19; *Int'l Elecs. Inc. v. Media Syndication Global, Inc.,* No. 02CV4274 at *2 (S.D.N.Y. Aug. 17, 2002) (noting that "a simple misrepresentation of an intention to perform, does not ordinarily give rise to a claim for fraud").

In *Maxim Grp. LLC,* the Plaintiff alleged that the Defendant "misrepresented that it would 'take the actions described in the [Agreement]' and that at the time the misrepresentations were made 'Scott and Maxim were fully aware that they had no intention of performing as stated in the [Agreement].'" These allegations are identical to those at issue here. The court held, "[i]t is well-settled in New York, though, that a contract claim cannot be converted into a fraud claim by the addition of an allegation that the promisor intended not to perform when he made the promise."

The Court in *Papa's-June Music, Inc. v. McLean* granted the Defendant's motion to dismiss the Plaintiff's fraud claim pursuant to Federal Rule 12(b)(6), finding that the Plaintiff had failed to state a claim because there was "no allegation that McLean owed Connick or Papa's–June a duty separate and apart from the alleged obligations under the Co–Publishing Agreement. Papa's–June does not allege that McLean's fraudulent representations were collateral to the Co–Publishing Agreement." 921 F. Supp. 1154, 1162 (S.D.N.Y. 1996).

Here, the only fraud alleged relates to the contractual relationship between the parties. (ECF #2, ¶¶25-26; 82-90) The only allegation that separates Plaintiff's fraud claim from a breach of contract claim is the addition of an allegation that Yomtobian intended not to perform when he made the contractual promise, which has been held insufficient by many New York Courts. *Id.*;

12

*Papa's-June Music, Inc. v. McLean,* 921 F. Supp. 1154, 1160–61 (S.D.N.Y. 1996) (compiling New York cases denying fraud claims stemming from a breach of contract).

Plaintiff seems to allege that the contract itself is the misrepresentation and even cites several provisions of the contract word for word, including one that specifically contemplates chargeback requests:

> "Both Agreements further state: 'Merchant [Defendants] agrees not to initiate a chargeback with respect to any Lead Fees with the credit card issuer unless Merchant has exhausted all attempts to resolve any disputes directly with the Company [CEE]. . . ."

(ECF #2, ¶¶20-24)

The alleged chargeback requests are directly contemplated by the terms of the agreement and are not extraneous to or distinct from the terms of the contract in any way, which is required when a fraud claim is alleged stemming from a breach of contract. *IMG Fragrance Brands, LLC* 679 F. Supp. 2d 395 at 408–09; *Mohegan Lake Motors, Inc. v. Maoli,* No. 16-CV-06717 (NSR) at *5. T

The Complaint also alleges that "In or around June 2022, Solar Program began to violate its Agreement with CEE." *Id* at ¶ 25. Yet, Plaintiff did not bring a suit for breach of contract, but for the torts of fraud and conversion, clearly attempting to convert a breach of contract claim into a fraud claim. The only allegation of fraud is that Solar Program entered into a contract without the intent to perform, which is not only untrue on the face of the Complaint but is also insufficient at law to support a claim for fraud. *Id.*; *Bridgestone/Firestone,* 98 F.3d at 19; *Int'l Elecs. Inc. v. Media Syndication Global, Inc.,* No. 02CV4274 at *2 (S.D.N.Y. Aug. 17, 2002).

There are no allegations that Defendant owed Plaintiff any duty separate from Solar Program's obligations under the agreement and no fraudulent misrepresentations alleged collateral to the agreement. *Papa's-June Music, Inc. v. McLean,* 921 F. Supp. 1154, 1162

13

(S.D.N.Y. 1996). Therefore, Plaintiff requests that this Court grant judgment on the pleadings in Yomtobian's favor on Plaintiff's fraud claim.

> IV. **Judgment on the Pleadings Should be Granted in Yomtobian's Favor on Plaintiff's Conversion Claim.**
>
>> A. <u>Judgment on the pleadings should be granted because Plaintiff is impermissibly attempting to dress up a breach of contract claim as a conversion claim to achieve personal liability for a corporation's contractual obligation.</u>

Much like Plaintiff's claim for fraud, judgment on the pleadings in Yomtobian's favor should be granted on Plaintiff's claim for Conversion because there is no wrong alleged that is independent from the parties' obligations under the contract. Claims for conversion cannot stand when "damages are merely being sought for breach of contract." *Rolls-Royce Motor Cars, Inc. v. Schudroff*, 929 F. Supp. 117, 124 (S.D.N.Y. 1996) (citing *Peters Griffin Woodward, Inc. v. WCSC, Inc.,* 88 A.D.2d 883, 884 (1st Dep't 1982)).

"To state a viable conversion claim here, plaintiff 'must allege acts that are unlawful or wrongful as distinguished from acts that are a mere violation of contractual rights.'" *Id.* (*citing Fraser v. Doubleday & Co.,* 587 F.Supp. 1284, 1288 (S.D.N.Y.1984)). "A conversion claim may only succeed if the party alleges a wrong that is distinct from any contractual obligations." *Command Cinema Corp. v. VCA Labs, Inc.,* 464 F.Supp.2d 191, 199 (S.D.N.Y.2006).

Where the plaintiff cited the contract between the parties as proof that the element of conversion requiring Plaintiff to have a superior right of possession was met, the Court held that "plaintiff tacitly admits that it is seeking to enforce a contract right, not a right tied to some independent duty under state law." The court went on to explain that "the appropriate remedy for

a contracting party's failure to honor its obligations under a contract is an action for breach of contract. Plaintiff's conversion claim . . . must be dismissed." *Rolls-Royce Motor Cars, Inc. v. Schudroff*, 929 F. Supp. 117, 124 (S.D.N.Y. 1996).

Here, as with Plaintiff's fraud claim, the factual allegations are void of any acts on the part of Yomtobian that are independent and distinct from Solar Program's contractual obligations. *Rolls-Royce Motor Cars, Inc.*, 929 F. Supp. 117 at 124; *Command Cinema Corp.*, 464 F.Supp.2d 191 at 199. Here, as with *Rolls-Royce Motor Cars, Inc.*, the Plaintiff has alleged that the agreement between the parties is the source of its allegedly superior right of possession in the lead fees, thereby impliedly admitting it is seeking to enforce a contract right, not some independent wrong committed by Defendant that constitutes a tort. 929 F. Supp. 117 at 124; ECF #2, ¶ 69 ("Plaintiff has been repeatedly deprived of the lead fees *to which it was entitled for selling Solar Leads to Yomtobian)*. The damages alleged in this lawsuit, if proven, would be caused by a breach of the contract that entitled Plaintiff to those funds in the first place, and would not flow directly from any alleged fraudulent statement or wrongful taking, so the appropriate remedy would be breach of contract. *Id.*

**V.     Judgment on the Pleadings should be Granted in Yomtobian's Favor on Plaintiff's Intentional Misrepresentation Claim because it is Duplicative of Plaintiff's Fraud Claim against Yomtobian.**

The elements of common-law fraud and intentional misrepresentation under New York law are the same . . . In either case, a plaintiff must show that: '(1) the defendant made a material false statement or omission; (2) the defendant intended to defraud the plaintiff; (3) the plaintiff reasonably relied upon the representation or omission; and (4) the plaintiff suffered damage as a result of such reliance.'" *B & M Linen, Corp. v. Kannegiesser, USA, Corp.,* 679 F. Supp. 2d 474,

15

480 (S.D.N.Y. 2010) (citing *Indep. Order of Foresters v. Donald, Lufkin & Jenrette, Inc.,* 157 F.3d 933, 940 (2d Cir.1998); *Cent. Pacific, Inc. v. Hilton Hotels Corp.,* 528 F.Supp.2d 206, 218 (S.D.N.Y.2007).

Count VI of Plaintiff's Complaint alleges a cause of action for intentional misrepresentation against Yomtobian. However, Count IV of the Complaint alleges a fraud claim against Yomtobian. These causes of action have the same elements under New York law and each cause of action alleges the exact same facts. *B & M Linen, Corp,* 679 F. Supp. 2d 474 at 480; ECF #2, ¶82-90; 100-108. Accordingly, judgment on the pleadings should be granted on Plaintiff's intentional misrepresentation claim in favor of Yomtobian.

## CONCLUSION

In sum, Plaintiff's claims of Fraud claim is insufficiently pleaded on the face of the Complaint, as Yomtobian's contractual promise to pay for solar leads was not a misrepresentation, was not knowingly false (or false at all), was not intended to defraud the Plaintiff, and the damages alleged were not caused by fraud. Even if the contractual promise to pay was fraudulent, such a misrepresentation of future intent cannot form the basis for a fraud claim. As to conversion, Plaintiff's allegation of superior right of possession stems from the contract between the parties and cannot form the basis of liability for conversion. The damages alleged also do not flow directly from a conversion, but rather from entitlement to payment under a contract. Finally, Plaintiff's claim for intentional misrepresentation is duplicative of Plaintiff's fraud claim and should also be dismissed.

Based on the foregoing, Yomtobian respectfully requests that Plaintiff's claims against him be dismissed.

DATED:   September 8, 2023

   Kew Gardens, New York

/s/ <u>Kadochnikov</u>
_____
Alexander Kadochnikov, Esq.
Shiryak, Bowman, Anderson,
Gill & Kadochnikov, LLP
*Attorney for Daniel Yomtobian*
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
718-577-3261
akadochnikov@sbagk.com