UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
......................................................................X
CLEAN ENERGY EXPERTS,

                Plaintiff,                          Case No.: 1:23-cv-01940-RA

                v.

NICK BENHAMMOU and DANIEL YOMTOBIAN,

                Defendants.

.................................................................. X

---

**MEMO OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT NICK BENHAMMOU'S MOTION TO DISMISS THE COMPLAINT**

---

Yifat V. Schnur Esquire, LLC
26 Broadway, 19th Floor
New York, NY
(347) 268-5347
yifat@yvlslaw.com

*Attorney for Defendant Nick Benhammou*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT............................................................................................... 1

LEGAL ARGUMENT:

POINT I:     Plaintiff's Claim for Conversion Is Subject to the Heightened
             Pleading Standards in Fed.R.Civ.P. 9(b) Because it Sounds in
             Fraud..................................................................................................... 1

POINT II:    The Chargebacks Were Not Conduct Outside of the Performance
             of the Contract So Plaintiff Cannot Allege Conversion as a Result
             of a Failure to be Paid........................................................................ 3

POINT III:   There is No Claim for Conversion Against Benhammou Because
             the Lead Fees Are Not Segregated and Identified Funds...................... 5

POINT IV:    There is No Claim for Fraud Against Benhammou Because
             Misrepresentation of Intent to Pay a Contract is Not a Basis for a
             Cause of Action for Fraud.................................................................... 6

CONCLUSION ............................................................................................................. 7

**Cases**

*2002 Lawrence R. Buchalter Alaska Tr. v. Philadelphia Fin. Life Assurance Co.*,
   96 F.Supp.3d 182 (S.D.N.Y. 2015) ........................................................................................ 6

*B&M Linen, Corp. v Kannegiesser, USA, Corp.*,
   679 F.Supp.2d 474 (S.D.N.Y. 2010) ................................................................................... 8, 9

*Bridgestone/Firestone v Recovery Credit Servs.*,
   98 F.3d 13 (2d Cir 1996) ........................................................................................................ 8

*Capax Discovery, Inc. v AEP RSD Invs.*,
   285 F.Supp.3d 579 (W.D.N.Y. 2018) .................................................................................... 2

*Colavito v NY Organ Donor Network, Inc.*,
   8 N.Y.3d 43 (2006) ................................................................................................................. 7

*Decker v. Massey-Ferguson, Ltd.*,
   681 F.2d 111 (2d Cir. 1982) ................................................................................................... 2

*Demirovic v Ortega*,
   2016 US Dist LEXIS 200056 (E.D.N.Y. Sep. 15, 2016, No. 15 CV 327 (CLP)) ................. 2

*Eurycleia Partners, LP v Seward & Kissel, LLP*,
   12 N.Y.3d 553 (2009) ............................................................................................................. 8

*Joan Hansen & Co. v Everlast World's Boxing Headquarters Corp.*,
   296 A.D.2d 103 (1st Dept 2002) ........................................................................................ 4, 5

*Kubin v. Miller*,
   801 F. Supp. 1101 (S.D.N.Y. 1992) ...................................................................................... 4

*Marbury v Pace Univ. (In re Columbia Tuition Refund Action)*,
   523 F.Supp.3d 414 (S.D.N.Y. 2021) ..................................................................................... 6

*North Shore Architectural Stone, Inc. v American Artisan Construction, Inc.*,
   153 A.D.3d 1420 (2d Dept 2017) ........................................................................................... 5

*Peters Griffin Woodward, Inc. v WCSC, Inc.*,
   88 A.D.2d 883 (1st Dept 1982) .............................................................................................. 6

*Sec. Inv. Protection Corp. v Bernard L. Madoff Inv. Sec. LLC*,
   2020 Bankr LEXIS 184 (Bankr. S.D.N.Y. Jan. 23, 2020, Nos. 08-01789 (SMB), 10-05355 (SMB) ....... 6

*Silvester v Selene Fin., LP*,
   2021 US Dist LEXIS 42969 (S.D.N.Y. Mar. 8, 2021, No. 18-CV-02425 (PMH) ................. 3

**Rules**

Fed.R.Civ.P. 12(b)(3) .............................................................................................................. 1

Fed.R.Civ.P. 12(b)(6) ........................................................................................................... 1, 9

On March 9, 2023, Plaintiff Clean Energy Experts ("Plaintiff") filed suit against Defendants, Nick Benhammou ("Benhammou") and Daniel Yomtobian. The complaint contains three causes of action against Benhammou; conversion (Count I), fraud (Count III), and intentional misrepresentation (Count V).

Benhammou previously filed a motion to dismiss the complaint, on two separate bases. Firstly, pursuant to Fed.R.Civ.P. 12(b)(3) Benhammou argued that the case should be dismissed because of an arbitration provision in the agreements that are the basis of this action. In the alternative, Benhammou sought dismissal under Fed.R.Civ.P. 12(b)(6) because no claim is stated as to him.

Benhammou is withdrawing the portion of his motion that sought pursuant to Fed.R.Civ.P. 12(b)(3) to dismiss based on the arbitration agreement. However, for the reasons stated below, Plaintiff does not state a claim against Benhammou, so dismissal against him pursuant to Fed.R.Civ.P. 12(b)(6) is warranted.

## LEGAL ARGUMENT

### I. PLAINTIFF'S CLAIM FOR CONVERSION IS SUBJECT TO THE HEIGHTENED PLEADING STANDARDS IN FED.R.CIV.P. 9(b) BECAUSE IT SOUNDS IN FRAUD

The Complaint alleges a cause of action for conversion against Defendant because he "repeatedly initiated fraudulent chargeback requests for funds that he initially paid CEE for solar leads." *Complaint*, ¶ 60. However, "[i]n alleging fraud … a party must state with particularity the circumstances constituting fraud." Fed.R.Civ.P. 9(b). For purposes of Fed.R.Civ.P. 9(b), "fraud" does not mean only a cause of action for fraud, but any claim that sounds in fraud. *Capax Discovery, Inc. v AEP RSD Invs.*, 285 F.Supp.3d 579, 586 (W.D.N.Y. 2018). As such, since

Plaintiff's conversion claim is based on alleged fraudulent representations, it is subject to the heightened pleadings standards for fraud. *Demirovic v Ortega*, 2016 US Dist LEXIS 200056, at *30 (E.D.N.Y. Sep. 15, 2016, No. 15 CV 327 (CLP)), *citing*, *Decker v. Massey-Ferguson, Ltd.*, 681 F.2d 111, 114 (2d Cir. 1982) (dismissing a claim for conversion because "conclusory allegations that defendant's conduct was fraudulent or deceptive are not enough" to satisfy the particularity requirement of Fed.R.Civ.P. 9(b).)

In light of the heightened pleading requirement, the Complaint is woefully inadequate. The closest thing to ever stating what was fraudulent is the claim that

> 25. In or around June, 2022, Solar Program began to violate its Agreement with CEE.
>
> 26. Specifically, on or about June 28, 2022, Solar Program, either through Benhammou and/**or** Yomtobian or at the direction of Benhammou and/**or** Yomtobian, fraudulently requested $11,000 in chargebacks from its credit card company, American Express, for lead fees that CEE had permissibly charged to Solar Program.
>
> 27. The requested chargebacks were initially rejected by American Express because the charges were legitimate charges for goods and services that were provided pursuant to an ongoing contractual relationship and accepted by Solar Program.
>
> 28. Solar Program, again, either through Benhammou and/**or** Yomtobian or at the direction of Benhammou and/**or** Yomtobian, then resubmitted the same chargeback requests, as well as several other new chargeback requests, amounting to a total of $65,600 in false chargebacks. This time, American Express approved the chargebacks.
>
> (Emphasis added) *Complaint*, ¶ 25-28.

The Complaint does not say Benhammou requested any chargeback. Rather, it says "Benhammou and/**or** Yomtobian" did so. Even if the Complaint specified that Benhammou did so, it still does not state what statements were made when requesting the chargebacks, what was fraudulent about the statements, when they were made, and to whom they were made. The

Complaint is woefully inadequate in identifying Benhammou's alleged conduct. This is although, where Fed.R.Civ.P. 9(b) applies, a plaintiff must plead "the who, what, when, where, and how." *Silvester v Selene Fin., LP*, 2021 US Dist LEXIS 42969, at \*4 (S.D.N.Y. Mar. 8, 2021, No. 18-CV-02425 (PMH)). The failure to do so is fatal to Plaintiff's claim.

## II. THE CHARGEBACKS WERE NOT CONDUCT OUTSIDE OF THE PERFORMANCE OF THE CONTRACT SO PLAINTIFF CANNOT ALLEGE CONVERSION AS A RESULT OF A FAILURE TO BE PAID

The basis of Plaintiff's action is that it did not get paid what it claims to have been entitled to under contracts with Group Solar USA LLC and Solar Program (collectively "Solar Program"). Plaintiff is seeking hold Benhammou liable, although he is not a party to the contact, by recasting the claims as torts. However,

> an officer or director of a corporation is not personally liable to one who has contracted with the corporation on the theory of inducing a breach of contract, merely due to the fact that, while acting for the corporation, he has made decisions and taken steps that resulted in the corporation's promise being broken.
>
> *Joan Hansen & Co. v Everlast World's Boxing Headquarters Corp.*, 296 A.D.2d 103, 109 (1st Dept 2002)

Plaintiff argues that when Benhammou sought to have American Express reverse credit card charges, it was an act independent of the contract. But that is not so. To the extent that Benhammou sought to reverse charges made by American Express to Solar Program, it was on behalf of the entity. The Complaint does not allege that Benhammou personally received the funds from the chargebacks.

The fact that Benhammou did not receive a personal benefit distinguishes the case *sub judice* from *Kubin v. Miller*, 801 F. Supp. 1101 (S.D.N.Y. 1992), which Plaintiff argues supports its position that there was conduct outside of the contract. In *Kubin*, parties agreed to merge companies they owned into a single entity. *Id*. The plaintiff merged his companies into the new

entity, but the defendant failed to do so. *Id.*, at 1109. Notwithstanding same, the defendant in *Kubin* diverted assets from the new entity to himself personally. *Id*. The court in *Kubin* found the defendant's diversion of assets **to himself** was an act independent of the contractual obligation to merge the entities, which was the basis of personal liability. *Id.*, at 1118. But the Complaint in the case *sub judice* does not allege that Benhammou personally received funds from the credit card chargebacks. As such, there was no conduct outside of the contract.

Plaintiff's reliance on *North Shore Architectural Stone, Inc. v American Artisan Construction, Inc.*, 153 A.D.3d 1420 (2d Dept 2017) is also misplaced. This is because in *North Shore*, the conversion claim was for conduct outside of the contract. Specifically, the defendant agreed to pick up limestone from the plaintiff, polish it, and return it to the plaintiff. *Id*., at 1421. Instead, the defendant delivered the limestone to a co-defendant. *Id*. The conversion claim in *North Shore* resulted from the defendant's affirmative act of giving away the plaintiff's property. The purpose of the contract was not for the defendant to contractually obligate itself not to give away the plaintiff's limestone. After all, the defendant would not be able to do so without the contract. This is different from the case *sub judice*, which is based on Plaintiff's claim that Solar Program did not pay Plaintiff what Plaintiff claims it is owed under a contract. This obligation only exists because of the contract. As such, Plaintiff cannot make Benhammou liable for acts taken on behalf of Solar Program to cause it not to perform under the contract. *Joan Hansen*, 296 A.D.2d at 109. As such, the claim for conversion against Benhammou, as a result of Solar Program's alleged performance under the contract fails.

**III.** **THERE IS NO CLAIM FOR CONVERSION AGAINST BENHAMMOU BECAUSE THE LEAD FEES ARE NOT SEGREGATED AND IDENTIFIED FUNDS**

The basis of Plaintiff's claim for conversion is that "[t]he lead fees that Benhammou[1] owes Plaintiff are Plaintiff's personal property." *Complaint*, ¶ 63. But the Complaint never specifically identifies segregated funds that Benhammou interfered with. Money must be specifically identifiable to be the subject of a conversion action. *Peters Griffin Woodward, Inc. v WCSC, Inc.*, 88 A.D.2d 883 (1st Dept 1982); *Marbury v Pace Univ. (In re Columbia Tuition Refund Action)*, 523 F.Supp.3d 414, 431 (S.D.N.Y. 2021). Plaintiff's failure to identify specifically segregated funds is fatal to Plaintiff's claim for conversion.

Were Plaintiff to amend the Complaint to assert that American Express segregated funds that were charged to Solar Program into a segregated account, and the decision to contest the charges caused American Express to take money out of the account, that would still not be a basis to assert a claim for conversion against Benhammou. This is because "[a] conversion takes place when someone, **intentionally** and without authority, **assumes or exercises control** over personal property belonging to someone else, interfering with that person's right of possession. (Emphasis added.) *Colavito v NY Organ Donor Network, Inc.*, 8 N.Y.3d 43, 49-50 (2006). Benhammou contested charges that American Express made to Solar Program. Whether American Express was segregating funds to pay Plaintiff, and removed funds because the charges were contested has nothing to do with Benhammou. Successfully contesting the charges would simply result in Solar Program not having a liability to American Express for them. It would not result in Benhammou

---

[1] Although the Complaint claims Benhammou owed the money, annexed to the Complaint is the contract, which indicates that Benhammou is not personally a party to it. *Complaint, Exhibit C*. Where "the documents contradict the allegations of a plaintiff's complaint, the documents control and the court need not accept as true the allegations in the complaint." *Sec. Inv. Protection Corp. v Bernard L. Madoff Inv. Sec. LLC*, 2020 Bankr LEXIS 184, at *10 (Bankr. S.D.N.Y. Jan. 23, 2020, Nos. 08-01789 (SMB), 10-05355 (SMB)), *citing*, *2002 Lawrence R. Buchalter Alaska Tr. v. Philadelphia Fin. Life Assurance Co.*, 96 F.Supp.3d 182, 199 (S.D.N.Y. 2015). As such, the Court should not accept the claim that Benhammou owed money under the contract for purposes of resolving this motion.

(or Solar Program) exercising control over any segregated funds that belonged to Plaintiff. As such, were Plaintiff to seek to amend the Complaint to allege segregated funds, the attempt to amend would be futile.

## IV. THERE IS NO CLAIM FOR FRAUD AGAINST BENHAMMOU BECAUSE MISREPRESENTATION OF INTENT TO PAY A CONTRACT IS NOT A BASIS FOR A CAUSE OF ACTION FOR FRAUD

Plaintiff's claim for fraud against Benhammou is based on the assertion that he represented he would pay for lead fees and did not do so. Specifically, Plaintiff claims that

74. Benhammou agreed to pay for the solar leads that CEE provided him.

75. Despite that representation, Benhammou repeatedly initiated fraudulent chargeback requests for funds that he initially paid CEE for solar leads.

76. Benhammou also repeatedly failed to pay CEE for the outstanding balance of those fraudulent chargeback requests.

77. Benhammou misrepresented that he would pay for the solar leads that CEE sold him.

78. Benhammou knew that said misrepresentation was false.

79. Benhammou made said misrepresentation with the intent to induce CEE into providing Defendants with solar leads.

*Complaint*, ¶ 74-79

Even if Benhammou personally agreed to pay money under the contract with Solar Program, which is not the case, failure to perform under a contract is not a basis for a fraud claim. *B&M Linen, Corp. v Kannegiesser, USA, Corp.*, 679 F.Supp.2d 474, 480 (S.D.N.Y. 2010), *citing*, *Bridgestone/Firestone v Recovery Credit Servs.*, 98 F.3d 13, 20 (2d Cir 1996) ("Even a deliberately false statement that the defendant intends to perform on a contract, when he does not, will not suffice" to assert a claim for fraud when the claim is based on a contract.)

Plaintiff cannot assert a claim for fraud for the allegedly fraudulent claims made to American Express to induce it to reverse the lead fees because the statements were not made to Plaintiff. The "elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable **reliance by the plaintiff** and damages." (Emphasis added.) *Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 N.Y.3d 553, 559 (2009). Plaintiff never asserts it relied on the unidentified allegedly false statements, which were not made to it. As such, these statements could not be a basis for a fraud claim, which should be dismissed.

Plaintiff asserts a separate cause of action for intentional misrepresentation, which word-for-word is identical to the fraud claim. *Complaint*, ¶¶ 74-81, 92-99. However, the elements of common-law fraud and intentional misrepresentation are the same. *B&M Linen, Corp.*, 679 F.Supp.2d at 477. As such, this claim should be dismissed as well.

### CONCLUSION

For the reasons stated above, it is respectfully requested that the Court enter an order pursuant to Fed.R.Civ.P. 12(b)(6) dismissing the complaint as to Benhammou because no claim is stated as to him, and for such other relief as this Court deems just and proper.

Yifat V. Schnur Esquire, LLC

By: _____
Yifat Schnur
26 Broadway, 19th Floor
New York, NY 10004
(347) 268-5347
yifat@yvlslaw.com

*Attorney for Defendant Nick Benhammou*

Dated: New York, New York
       October 24, 2023