BRENDAN T. MAHONEY
BMAHONEY@GRSM.COM



95 GLASTONBURY BLVD, SUITE 206
GLASTONBURY, CT 06033
WWW.GRSM.COM

October 31, 2023

**VIA ECF**
Honorable Dale Ho
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

  **RE:** **Clean Energy Experts v. Nick Benhammou and Daniel Yomtobian,**
     Case No. 1:23-cv-01940-RA; *Plaintiff's Letter Motion for Leave to File a Sur-Reply in Further Support of its Opposition to Defendant Benhammou's Motion to Dismiss (ECF 28).*

Dear Honorable Judge Ho,

  Plaintiff hereby makes an application for leave to file a *sur-reply* in further support of its opposition to Defendant Nick Benhammou's Motion to Dismiss (ECF 28) (hereafter "Benhammou's Motion"). The Memorandum of Law in Support of Benhammou's Motion argues that (i) Plaintiff's claims should be dismissed because of the existence of an arbitration clause, and (ii) the claims for fraud, conversion, and intentional misrepresentation should be dismissed because such claims are also for non-performance of a contract. *See*, ECF 28. On reply, Defendant Benhammou presents two novel arguments, to wit, (i) that Plaintiff's claim for conversion is subject to a heightened pleading standard because it sounds in fraud, and (ii) there is no claim for conversion because against Benhammou because the lead fees are no segregated as identified funds. *See*, Id. These are novel arguments on reply. "Motions for leave to file sur-reply information are subject to the sound discretion of the court. A *sur-reply* is appropriate only where the party against whom the sur-reply will be filed raises new arguments in its reply." *Ramon v. Corporate City of New York*, 2019 WL 1306061 (EDNY, 2019).

  Indeed, the *gravamen* of Defendant Benhammou's Motion was directed at the arbitration clauses in the underlying contracts, which argument Defendant Benhammou withdrew in his reply. *See*, ECF 54, at 1. Defendant Benhammou is seeking to practice motion by ambush by way of his reply. It should be noted that Plaintiff sought to arbitrate in Los Angeles County in this matter prior to the filing of the instant action, only to have Defendants refuse and seek a forum in New York to accommodate them and their counsel. Plaintiff attempted to do so by filing the instant action, only to be met with extensive delays in even filing responsive pleadings and then the instant motion practice. Such dilatory tactics, including these novel arguments presented in the reply in further support of Benhammou's Motion, should not inure to Defendants' benefit.

Honorable Dale Ho
United States District Court for the Southern District of New York
**Clean Energy Experts v. Nick Benhammou and Daniel Yomtobian,** Case No. 1:23-cv-01940-RA; *Plaintiff's Letter Motion for Leave to File a Sur-Reply in Further Support of its Opposition to Defendant Benhammou's Motion to Dismiss (ECF 28).*
P. 2

      Plaintiff sought consent to file the *sur-reply* sought by the instant application, and such consent was refused.

      We thank the Court and Your Honor for your attention and courtesies.

Sincerely,

Brendan T. Mahoney, Esq

CC:

ALL COUNSEL OF RECORD VIA ECF