

Alexander Shiryak, Esq.
Dustin Bowman, Esq.
Mark Anderson, Esq.
Navpreet K. Gill, Esq.
Alexander Kadochnikov, Esq.

Btzalel Hirschhorn, Esq. • Matthew J. Routh, Esq. • Nicholas Neocleous, Esq. • Kimberly Gernatt, Esq.

**MEMO ENDORSED**

Defendant Benhammou may, but is not required to, file a letter, not to exceed three pages, in response by **May 28, 2024**. Plaintiff shall file a letter, not to exceed three pages, in response by **May 31, 2024.** So Ordered.

Via ECF
Honorable Dale E Ho
United States District Court
Southern District of New York
500 Pearl Street New York, NY 10007

Dale E. Ho
U.S. District Judge

Dated: May 22, 2024
New York, New York

**Re:**   **Clean Energy Experts v. Nick Benhammou and Daniel Yomtobian**
*Case # 1:23-cv-01940-RA*
<u>Letter Motion requesting a pre-motion conference for Court's leave to file a motion permanently staying arbitration against Daniel Yomtobian and to set a briefing scheduling for motion to move for sanction against Plaintiff and its counsel pursuant to Rule 11, 28 U.S.C § 1927 and inherent powers of the Court.</u>

Dear Honorable Ho,

I represent defendant Daniel Yomtobian ("Yomtobian") in the above-referenced matter. On January 18, 2024, Your Honor issued an order granting Yomtobian's motion for judgment on the pleadings. (ECF # 66)

I am respectfully requesting a pre-motion conference with the Court where I intend to seek Court's leave to file a motion to permanently stay arbitration against Yomtobian and to set a briefing schedule for Defendant's motion for sanctions against Clean Energy Experts and its counsel.

On March 9, 2023, Plaintiffs brought a complaint in this Court against Defendants Nick Benhamou and Daniel Yomtobian ("Defendants") alleging (1) Conversion/Civil Theft; (2) Fraud; and (3) Intentional Misrepresentation against the Defendants.

On March 25, 2024, Plaintiffs in this matter brought an Amended Demand for Arbitration with Jams captioned *Sunrun Inc., and Clean Energy Experts LLC* ("Claimant") *v. Group Solar USA LLC, Solar Program, Nick Benhammou and Daniel Yomtobian* ("Respondent") under JAMS reference No 5240000422 ("Arbitration Action") (**Exhibit A**)[1]

Claimant asserts 17 causes of action against Respondents. Among those causes of action asserted against Respondents, the following 4 are of particular note: (1) Breach of Contract as to Benhammou and Yomtobian; (2) Conversion/Civil Theft as to Benhammou and Yomtobian; (3) Fraud as to Benhammou and Yomtobian; (4) Intentional Misrepresentation as to Benhammou

---

[1] Nick Benhamou and Daniel Yomtobian were co-defendants in this action and co-respondents in the Arbitration Action. Though I refer to both co-defendants, I only represent Daniel Yomtobian.



Alexander Shiryak, Esq.
Dustin Bowman, Esq.
Mark Anderson, Esq.
Navpreet K. Gill, Esq.
Alexander Kadochnikov, Esq.

Btzalel Hirschhorn, Esq. • Matthew J. Routh, Esq. • Nicholas Neocleous, Esq. • Kimberly Gernatt, Esq.

and Yomtobian. (causes of action for Conversion/Civil Theft, Fraud, and Intentional Misrepresentation shall be referred to as "Fraud Based Causes of Action.")

Breach of Contract in Arbitration Action

On December 20, 2023, Plaintiff's attorney stated on the record that he did not think Plaintiffs had a basis for breach of contract against the Defendants. (See ECF # 66, p. 8) Plaintiff, now as Claimant in the Arbitration Action has changed its position and is actively seeking to litigate breach of contact against the Respondents. This is an inconsistent position and Plaintiff should be judicially estopped from bringing it. *Madeira v. United Talmudical Academy of Kiryas Joel*, 351 F. Supp. 2d 162, 164 (S.D.N.Y. 2004) ("What is necessary to apply a judicial estoppel is that (1) the party against whom estoppel is sought has pursued an inconsistent factual position in an earlier proceeding, and (2) this prior inconsistent position was somehow adopted by the first court.")

Fraud Based Causes of Action in Arbitration Action

Plaintiff-Claimant should be collaterally estopped from re-litigation the Fraud Based Causes of Action in Arbitration Action because these issues have already been decided in this action. *Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998) ("Under federal law, a party is collaterally estopped from relitigating an issue if a four-part test is met: "(1) the identical issue was raised in a previous proceeding; (2) the issue was `actually litigated and decided' in the previous proceeding; (3) the party had a `full and fair opportunity' to litigate the issue; and (4) the resolution of the issue was `necessary to support a valid and final judgment on the merits.'"")

Before filing this action, Plaintiff has already attempted to bring the arbitration against individual Defendants in this action. On December 22, 2022, Plaintiff filed a demand for arbitration with JAMS, naming the individual defendants herein as well as Group Solar and Solar Program. The Demand alleged various causes of action including fraud, conversion, and misrepresentation regarding entities and individual defendants.

Because Solar Program's Agreement was not signed by Defendant Yomtobian in his individual capacity or otherwise guaranteed by Yomtobian, on January 4, 2023, I filed a special proceeding with the Supreme Court of the State of New York, County of Nassau bearing an index # 600187/2023, to permanently stay the arbitration against Yomtobian. ("Special Proceeding")

After serving the Special Proceeding upon Plaintiff's counsel, Plaintiff agreed to amend its Demand and dismiss Yomtobian.



Alexander Shiryak, Esq.
Dustin Bowman, Esq.
Mark Anderson, Esq.
Navpreet K. Gill, Esq.
Alexander Kadochnikov, Esq.

Btzalel Hirschhorn, Esq. • Matthew J. Routh, Esq. • Nicholas Neocleous, Esq. • Kimberly Gernatt, Esq.

Subsequently Plaintiff filed this action, which this Court dismissed. Plaintiff is again trying to assert baseless claims, which were already decided, but now in a new forum.

<u>Motion for Sanctions against Plaintiff and its Counsel</u>

On May 4, 2023, I served a Rule 11 Safe Harbor letter on Plaintiff's counsel. (<u>See</u> **Exhibit B**, enclosed without internal exhibits).

Upon this Court's granting of Defendant's motion to dismiss, Yomtobian was going to consider this matter closed, but since Plaintiff decided to file another frivolous pleading Yomtobian intends file a motion for sanction against Plaintiff and its counsel.

In addition to Rule 11 Sanction, Yomtobian will file a motion for sanctions under 28 U.S.C. § 1927 as well as the inherent powers of the Court

Under 28 U.S.C. § 1927 the court may impose "sanctions on an attorney who so multiplies the proceedings in any case unreasonably and vexatiously." *In re 60 East 80th Street Equities*, 218 F.3d 109, 115 (2d Cir. 2000). Sanctions may be imposed upon finding of conduct constitution or akin to bad faith.

With the latest Arbitration Action, this is the third time when Plaintiff-Claimant attempts to make the Defendants personally liable upon the claims that have no grounds.

Similarly, a court has the inherent power to sanction a party "for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). The Court may impose sanctions under its inherent powers against a party or attorney "who has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013) (quoting Chambers, 501 U.S. at 45–46).

Plaintiff's litigation strategy is nothing short of oppressive.

For reasons outlined above, Defendant Yomtobian respectfully requests a pre-motion conference seeking leave to file a motion to permanently stay arbitration against Yomtobian and to set a briefing schedule for Yomtobian's motion for sanctions.

/a/Kadochnikov
_____
Alexander Kadochnikov, Esq.