UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLEAN ENERGY EXPERTS,<br><br>       Plaintiff,<br><br>    v.<br><br>NICK BENHAMMOU, et al.,<br><br>       Defendants. | 23-CV-1940 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

  An opinion and order issued January 18, 2024, (the "Opinion") granted Defendant Nick Benhammou's motion to dismiss and Defendant Daniel Yomtobian's motion for judgment on the pleadings. *See* ECF No. 65. The Opinion stated that "[w]hile Plaintiff's allegations might, in theory, support a claim for breach of contract, they do not support the claims alleged in the Complaint"—namely fraud, intentional misrepresentation, and conversion. *See id.* at 3-4. It further directed Plaintiff to arbitration to pursue its claims related to the chargebacks at issue. *See id.* at 9.

  On May 21, 2024, Yomtobian filed a letter on ECF requesting a conference regarding proposed motions to permanently stay arbitration and for sanctions. *See* ECF No. 67. Yomtobian represents that in the arbitral proceedings, Plaintiff asserts claims for breach of contract, fraud, intentional misrepresentation, and conversion. *See id.* Yomtobian argues in substance that Plaintiff should be judicially estopped from bringing a contract claim, due to his representation in this matter that he did not believe he had a basis for such a claim, and that Plaintiff should be collaterally estopped from pursuing his remaining claims in arbitration, due to the holdings of the Opinion. *See id.* Finally, Yomtobian seeks sanctions for Plaintiff's pursuit of these claims in arbitration. *See id.* On May 28, 2024, Benhammou filed a letter motion joining Yomtobian's request. *See* ECF No. 70.

It is hereby **ORDERED** that Defendants' requests for a conference and for briefing schedules for their proposed motions regarding estoppel are **DENIED**, because such motions would be futile. "Judicial estoppel is an equitable doctrine that bars a party from asserting a factual position in one legal proceeding that is contrary to a position that it successfully advanced in another proceeding." *Global Gaming Philippines, LLC v. Razon*, No. 21 Civ. 2655, 2023 WL 5935640, at *4 (S.D.N.Y. Sept. 12, 2023).[1] The party seeking judicial estoppel must show "[t]hat a litigant (i) took a prior inconsistent position and (ii) convinced an earlier tribunal to adopt that position." *Clark v. All Acquisition, LLC*, 886 F.3d 261, 266 (2d Cir. 2018). Defendants' judicial estoppel argument fails first because the Opinion explicitly held that Plaintiff may have a viable contract claim. *See* Opinion at 3. It fails further because judicial estoppel is an equitable doctrine that the later tribunal—here, the arbitrator—must determine as a matter of equity and the particular factual circumstances of the case. *See Clark*, 886 F.3d at 266-67. Similarly, "collateral estoppel[] bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to a prior judgment." *Cayuga Nation v. Tanner*, 6 F.4th 361, 374 (2d Cir. 2021). As with judicial estoppel, the later tribunal—i.e., the arbitrator—must determine whether to apply the doctrine. *See id.* (discussing the requirements of the doctrine, including various inquiries into the "previous proceeding"). In essence, Defendants direct their arguments to the wrong audience. Defendants do not identify any caselaw in which a court adjudicating a prior dispute then affirmatively states the scope of any estoppel caused by its rulings; in the absence of such authority, their letter motions for a conference regarding the proposed motions are denied.

---

[1] In all quotations from cases, all footnotes, citations, ellipses, parentheses, brackets, and other modifications are omitted unless otherwise indicated.

It is further **ORDERED** that Defendants' requests to file motions for sanctions are **DENIED**. As stated in the Opinion, Plaintiff's allegations may plausibly allege claims for breach of contract, applied to Defendants through the doctrine of veil piercing. Accordingly, Defendants' argument that Plaintiff is vexatiously pursuing frivolous claims fails. Further, Defendants complain of Plaintiff's litigation conduct in other forums, which (as with their arguments regarding estoppel) are complaints more properly addressed to those decisionmakers. *Cf. Castro v. Outdoorsmans Resale, Inc.*, No. 23 Civ. 3516, 2024 WL 659943, at *5 (S.D.N.Y. Feb. 16, 2024) ("The undersigned can impose appropriate sanctions for Mr. Saab's failings in *this* case." (emphasis in original)).

The Clerk of Court is respectfully directed to close the motions at ECF Nos. 67 and 70.

SO ORDERED.

Dated: June 18, 2024
       New York, New York

                                        DALE E. HO
                                 United States District Judge